61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Wayne FUENTES, Petitioner-Appellant,
v.
John SHANKS, Warden, Respondent-Appellee.
 No. 94-2255.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner David Wayne Fuentes appeals the dismissal of his 28 U.S.C. 2254 petition for a writ of habeas corpus. The district court granted Mr. Fuentes a certificate of probable cause. We affirm.
 
 
 3
 After being indicted, along with a codefendant, on a charge of murder, and after giving a statement to police detailing his involvement in the crime for which he was charged, Mr. Fuentes pled guilty, on June 11, 1979, to a charge of being an accessory to second degree murder. He was represented by his appointed counsel and all parties executed a Plea and Disposition Agreement. Mr. Fuentes acknowledged having discussed the case and his rights with his attorney, and that he was waiving his right to a jury trial, to confront and cross-examine witnesses, to compulsory process, and to not incriminate himself. Mr. Fuentes further acknowledged that he understood he was pleading guilty to being an accessory to second degree murder, and his counsel affirmed that he had discussed the case with Mr. Fuentes and informed him of the elements of the charge to which Mr. Fuentes pled guilty. Mr. Fuentes denied being under the influence of alcohol or drugs, and affirmed that his plea was voluntary.
 
 
 4
 As required by the then-applicable state rule of criminal procedure, the court inquired whether there was a factual basis for the plea. After consulting with Mr. Fuentes, his counsel indicated that Mr. Fuentes' statement to police would suffice as the factual basis for the plea.
 
 
 5
 After accepting his plea, the state court scheduled sentencing for the following week. Prior to sentencing, Mr. Fuentes apparently told his attorney that he wanted to withdraw his guilty plea and dismiss his attorney. Accordingly, on June 22, 1979, Mr. Fuentes through his counsel filed a written motion to withdraw the guilty plea, arguing that he was innocent, that he was coerced into pleading guilty, that he was in a state of "near shock" during the plea proceeding and did not understand the nature of it, and that he did not know that he could change his mind and refuse to plead guilty even after telling his attorney that he would accept the plea agreement. Mr. Fuentes included an affidavit, in which he additionally alleged he lacked time to fully consider the plea agreement and that his written statement to police did not constitute an adequate factual basis for the plea.
 
 
 6
 After conducting a hearing, the state court denied Mr. Fuentes' motion to withdraw his guilty plea, and he was sentenced as an accessory to second degree murder. The denial was affirmed by the New Mexico Court of Appeals. He did not appeal that decision to the New Mexico Supreme Court.[2]
 
 
 7
 He filed the present habeas petition on April 18, 1990. Mr. Fuentes was paroled on May 7, 1990.[3] The district court subsequently dismissed the petition, adopting the magistrate judge's finding that "the state court findings are supported by the record below," Magistrate Judge's Proposed Findings and Recommended Disposition at 3, that Mr. Fuentes' plea "was not involuntary based on the absence of a factual basis," id. at 10, that he failed to show that his plea was, for any other reason, involuntary or that the state trial court abused its discretion in refusing to permit him to withdraw his guilty plea.
 
 
 8
 We agree with the district court's analysis and disposition of this case. We therefore AFFIRM for substantially the reasons set forth in the district court's order, adopting the proposed findings and recommended disposition of the magistrate judge.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The federal district court found there was cause and prejudice excusing Mr. Fuentes' failure to appeal the denial of his motion to withdraw his plea
 
 
 [3]
 Neither party disputes that Mr. Fuentes is still in custody for purposes of habeas proceedings. An individual on parole is still "in custody." Maleng v. Cook, 490 U.S. 488 (1989) (per curiam); Jones v. Cunningham, 371 U.S. 236 (1963); Waldon v. Cowley, 880 F.2d 291 (10th Cir.1989)