975 F.2d 690
 Shirley BURTON, Petitioner-Appellee and Cross-Appellant,
v.
Sharon JOHNSON, Respondent-Appellant and Cross-Appellee.
Shirley BURTON, Petitioner-Appellant
v.
Sharon JOHNSON, Thomas Rutledge, District Attorney, Fifth
Judicial District of New Mexico, Carlsbad, N.M.; Vernon
Henning, Assistant District Attorney, Fifth Judicial
District of New Mexico, Roswell, N.M.; Attorney General of
the State of New Mexico; the State of New Mexico,
Respondents-Appellees.
 Nos. 90-2016, 90-2019, 91-2296 and 91-2297.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 11, 1992.
 
 Tova Indritz, Federal Public Defender, Albuquerque, N.M., for petitioner-appellee and cross-appellant in Nos. 90-2016, 90-2019; and for petitioner-appellant in Nos. 91-2296, 91-2297.
 Mary Catherine McCulloch (Tom Udall, Atty. Gen., Hal Stratton, former Atty. Gen., and Charles Rennick, Asst. Atty. Gen., State of N.M., Santa Fe, N.M., on the briefs) for respondent-appellant and cross-appellee in Nos. 90-2016, 90-2019; and for respondents-appellees in Nos. 91-2296, 91-2297.
 Before McKAY, Chief Judge, ANDERSON, Circuit Judge, and BROWN,[1] Senior District Judge.
 McKAY, Chief Judge.
 
 
 1
 These consolidated appeals stem from the remedy contained in the District Court's order granting Petitioner's request for a writ of habeas corpus. Petitioner, Shirley Burton, filed her habeas corpus petition in the United States District Court for the District of New Mexico in 1987 challenging her state court conviction on first-degree murder charges. The District Court granted the petition in an order issued on December 27, 1989. That order stated:
 
 
 2
 It IS FURTHER ORDERED that the Petition be, and it hereby is, granted.
 
 
 3
 IT IS ALSO FURTHER ORDERED that the Petitioner be released unless a new trial is commenced within 90 days.
 
 
 4
 Both Petitioner and the state appealed the District Court's determination.
 
 
 5
 Petitioner was released from custody on January 4, 1990, shortly after the District Court's judgment was entered. State authorities immediately arrested her pursuant to a state court bench warrant on the underlying murder charge. The District Court then claimed exclusive jurisdiction over the conditions of Petitioner's release and held the arrest unlawful. The state subsequently withdrew the warrant.
 
 
 6
 In March of 1990, the state sought a stay of the District Court's order directing that a new trial be held in ninety days. The District Court summarily denied the state's stay application without explanation. The state did not appeal the District Court's denial or apply to this court for a stay. Thus, the ninety-day period for retrying Petitioner was not tolled during the appeal. The state set trial twice during the ninety-day period. Both settings were vacated at the state's request, however. Consequently, when the ninety-day retrial period expired on March 27, 1990, Petitioner had not been retried.
 
 
 7
 On November 1, 1991, this court filed an opinion affirming the District Court's grant of Petitioner's writ. Burton v. Johnson, 948 F.2d 1150 (10th Cir.1991). Our mandate stated, "The judgment of the district court requiring a new trial is AFFIRMED." Id. at 1159. Neither party had raised on appeal the conditional nature of the order or the effect of the expiration of the ninety-day period. Thus, this court did not address these issues in its opinion. The state did not petition for a rehearing, and this court's mandate issued November 25, 1991.
 
 
 8
 On December 2, 1991, following our decision in Burton v. Johnson and the return of the mandate to the District Court, Petitioner filed in the District Court a Motion for the Issuance of a Writ of Habeas Corpus in the underlying habeas action. In that motion Petitioner asked for a final order granting the writ and barring Petitioner's retrial by the state. Petitioner contended that because the state failed to retry her within the ninety-day retrial period or obtain a stay of that period the state was barred forever from retrying her.
 
 
 9
 On December 4, 1991, the state asked Petitioner to surrender herself on December 9 for incarceration pending retrial. The federal magistrate conducted a telephone conference with counsel on December 5, 1991, and determined that the federal court did not have jurisdiction to prevent Petitioner's reincarceration after this court's issuance of the mandate.
 
 
 10
 Petitioner then commenced a second habeas action challenging the state's authority to retry her. In that action she also sought a temporary restraining order ("TRO") and a preliminary injunction preventing the state from incarcerating and retrying her. Following a hearing on December 6, 1991, the District Court granted the TRO until a hearing on the preliminary injunction could be held. The District Court also asked counsel to brief the issues of whether the District Court had the jurisdiction and the authority to permanently discharge Petitioner pursuant to its December 27, 1989, order.
 
 
 11
 The District Court held a hearing on the preliminary injunction request on December 16, 1991. The District Court denied the preliminary injunction and the motion for a final writ in the underlying habeas case, dissolved the TRO and dismissed the second petition for writ of habeas corpus. Although the record is not crystal clear on this point, the District Court appeared to determine that it did not have the authority or the jurisdiction to permanently discharge Petitioner.
 
 
 12
 Petitioner then appealed from the denial of the post-judgment motion for a final writ in the underlying case and from the dismissal of the second habeas petition and denial of the preliminary injunction. Seeking to cover all jurisdictional bases, she simultaneously moved this court to recall its mandate in Burton v. Johnson and to issue an order requiring the District Court to enter an unconditional writ of habeas corpus barring her retrial by the state.
 
 
 13
 Petitioner further moved this court for an injunction barring her retrial pending our disposition of the appeals. We granted Petitioner's request for an injunction and ordered that the state be enjoined from arresting, incarcerating, or retrying Petitioner on the underlying murder charges until further order of this court. We also recalled our mandate pending disposition of these appeals.
 
 
 14
 As described above, Petitioner now appeals the District Court's denial of her requests for a retrial bar. The threshold question before us is whether our mandate in Burton v. Johnson provided a remedy that superseded that provided in the District Court's initial order. The state interprets our language "[t]he judgment of the district court requiring a new trial is AFFIRMED" to be a specific direction that Petitioner be retried. The state contends that our mandate thereby divested the District Court of jurisdiction to bar Petitioner's retrial pursuant to its initial remedy.
 
 
 15
 When the parties filed notices of appeal challenging the District Court's judgment in the underlying case, the District Court was divested of jurisdiction over matters involved in the appeal. See Newball v. Offshore Logistics Int'l, 803 F.2d 821, 825 (5th Cir.1986). Once we affirmed the District Court on appeal and returned the mandate, however, the District Court reacquired jurisdiction over the case. See id. at 826. While our mandate in Burton v. Johnson controls on all matters within its scope, the District Court now has jurisdiction to pass upon any issues which are not expressly or impliedly within the scope of that mandate.
 
 
 16
 This court is vested with the authority to interpret its own mandate. In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). In doing so, we conclude that the state's interpretation of our mandate in Burton v. Johnson is incorrect. Our mandate did not provide a superseding remedy in this case. Rather, our mandate affirmed the remedy accompanying the District Court's grant of Petitioner's writ. Thus, upon return of the mandate, the District Court reacquired jurisdiction to enforce the remedy set out in its original order. Furthermore, our mandate did not encompass the conditional nature of the judgment or the effect of the expiration of the ninety-day period because those issues were not before us on appeal. Thus, our disposition does not prevent the District Court from interpreting, as well as enforcing, its initial judgment in this case.
 
 
 17
 We next address the state's contention that the District Court lacks the authority to permanently discharge Petitioner. The state claims that authorizing such a remedy would be an abuse of discretion in this case.
 
 
 18
 A federal court is vested with " 'the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.' " Hilton v. Braunskill, 481 U.S. 770, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987) (citation omitted). In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243 (1988). The habeas corpus statute's "mandate is broad with respect to the relief that may be granted." Carafas v. LaVallee, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). As this circuit has recognized, a federal court "possesses power to grant any form of relief necessary to satisfy the requirement of justice." Levy v. Dillon, 415 F.2d 1263, 1265 (10th Cir.1969) (emphasis added). A district court, therefore, has authority to permanently discharge a successful petitioner in a habeas corpus case where it deems such a remedy appropriate. See Bromley v. Crisp, 561 F.2d 1351, 1364 (10th Cir.1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978). See, e.g., Hammontree v. Phelps, 605 F.2d 1371, 1381 (5th Cir.1979) (petitioner permanently discharged pursuant to grant of writ); Grasso v. Norton, 520 F.2d 27, 38 (2d Cir.1975) (same).
 
 
 19
 In exercising its broad habeas corpus authority, however, a district court may not abuse its discretion by ordering permanent discharge where such a remedy is unwarranted. Indeed, this circuit has recognized that "holding a conviction invalid and granting the writ do not generally bar retrial on the original charge," Bromley v. Crisp, 561 F.2d at 1364.
 
 
 20
 At this late date, however, the state is precluded from obtaining substantive review of whether permanent discharge in the case at hand constitutes an abuse of the District Court's discretion. The District Court's conditional order ended the litigation and left nothing for the court to do but execute the judgment. That order was, therefore, an appealable final judgment. See Blake v. Kemp, 758 F.2d 523, 525 (11th Cir.1985), cert. denied, 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985). Neither party appealed the issue and, thus, neither party may raise the issue here. The parties have waived any challenge to the remedy. Thus, the remedy will be enforced as it stands.
 
 
 21
 Unfortunately, the District Court's judgment is ambiguous as to the intended effect of the expiration of the ninety-day period. It is unclear what type of "release" the District Court intended in ordering that Petitioner "be released unless a new trial is commenced within 90 days." The state contends the District Court merely intended to authorize Petitioner's release until a trial eventually was held. Petitioner claims the District Court intended to permanently discharge Petitioner if the state failed to retry her within the ninety-day period. Although the subsequent actions of the District Court indicate an intent to permanently discharge Petitioner, the record is not clear enough for us to determine the intended scope of the remedy.[2] Thus, we remand this case to the District Court for interpretation and clarification of the December 27, 1989, order pursuant to Rule (60)(a) of the Federal Rules of Civil Procedure.[3]
 
 
 22
 A District Court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented. See Panama Processes, S.A. v. Cities Service Co., 789 F.2d 991, 993 (2d Cir.1986); McNickle v. Bankers Life and Cas. Co., 888 F.2d 678, 682 (10th Cir.1989). A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. See Panama Processes, 789 F.2d at 994-95. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record. See Blankenship v. Royalty Holding Co., 202 F.2d 77, 79-81 (10th Cir.1953). Thus, in determining whether it intended to permanently discharge Petitioner upon expiration of the ninety-day retrial period, the District Court may not resort to hindsight.
 
 
 23
 Petitioner's motion for probable cause in Burton v. Johnson is granted. Our mandate in Burton v. Johnson is reinstated. The Petition for Writ of Habeas Corpus in Burton v. Rutledge is dismissed. This case is remanded to the District Court. The District Court is directed to vacate the December 18, 1991, orders from which Petitioner appeals and to interpret, clarify and enforce its judgment in the underlying case.
 
 
 
 [1]
 Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 [2]
 The transcript of the December 16, 1991, hearing fails to provide insight into the intent of the District Court's initial judgment. At that hearing, the District Court did not focus on the contemporaneous intent of its December 27, 1989, order in denying Petitioner a retrial bar. Rather, the District Court appeared to rely on case authority suggesting that ordering permanent discharge in a habeas corpus case such as this would constitute an abuse of discretion
 
 
 [3]
 The procedures set out in the habeas corpus statutes take precedence over the Federal Rules of Civil Procedure during the pendency of habeas corpus proceedings. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 267-68, 98 S.Ct. 556, 562, 54 L.Ed.2d 521 (1978). The habeas corpus statutes do not prescribe post-judgment procedures, however. The statutes are silent about the proper method for obtaining the correction of asserted errors after judgment, whether on appeal or in the district court. Id. Thus, the post-judgment procedures prescribed in the Federal Rules of Civil Procedure apply to this habeas corpus case