KRAVITCH, Circuit Judge, dissenting:

                                    I.

        The threshold question in this case is whether the State

did, in fact, resentence Cave within the 90 day time frame

specified by the habeas order so as to avoid the conditional

mandate of a life sentence.  In denying Cave's petition, the

district court found that the state court "timely commenced the

re-sentencing proceedings on October 22, 1992," setting a trial

date of November 30, 1992, "[u]pon agreement of the parties."  It

is unclear whether the district court believed that the October

22 scheduling conference was in itself sufficient to comply with

the terms of the habeas order or that Cave waived the right to

enforce the conditional habeas order by agreeing to a trial date

outside the 90 day time limit.  On appeal, the parties dispute

both when the resentencing time limit expired and when a "new

sentencing hearing," within the meaning of the habeas order, was

held.  The majority bases its affirmance solely on the

determination that the 90 day period was extended by agreement of

the parties.[1]

_____

        [1]Although the majority does not address the calculation of
the 90 day time period, the State challenges the district court's
finding that the period expired on October 25, 1992.  I note in
passing that the district court was correct.
        The district court's habeas order was issued on August 3,
1990.  The 90 days were to be counted "from the date of this
Order."  On August 13, the State filed a timely motion to alter
or amend the judgment, pursuant to Federal Rule of Civil
Procedure 59, along with a motion to stay the habeas order
pending appeal.  On September 25, the district court denied the
Rule 59 motion but granted the motion to stay pending appeal to
this court, apparently stopping the 90 day clock after 53 days
had elapsed.  The opinion of this court was issued on September
17, 1992.  With the 90 day clock again running, on October 22,
the state court judge, Judge Walsh, conducted the status

Inasmuch as the district court based its denial of habeas relief on the fact that the scheduling conference was held before the 90 day time limit expired, it ignored the clear language of the original habeas order:

> Respondent the State of Florida is directed to schedule a new sentencing proceeding at which Petitioner may present evidence to a jury on or before 90 days from the date of this Order. Upon failure of the Respondent to hold a new sentencing hearing within said 90 day period without an Order from this Court extending said

conference at which Cave's resentencing was scheduled for November 30. The 90 day period would have expired on October 25, as the district court found. (The district court's order states, "Thus, the State had until October 25, 1992 to comply with this Court's Order regarding Petitioner's re-sentencing.")

Challenging this finding of fact, the State offers a novel recounting of days. It asserts that the filing of its Rule 59 motion on the tenth day after issuance of the order should have tolled the 90 day resentencing clock in the same way that the filing of a Rule 59 motion tolls the time allowed for filing an appeal, see Federal Rule of Appellate Procedure 4(a)(4). Accordingly, the State argues, the 90 day time limit would not have expired until some time in December, after Cave's counsel had requested a continuance on November 17. By requesting a continuance before the 90 day period had expired, the argument goes, Cave would have waived the right to enforce the resentencing time limit. (The State also contends that Federal Rule of Civil Procedure 62(a) would operate to toll the running of the 90 day period for ten days after entry of the district court's order. Even if so, however, the additional ten days would make no difference because Cave's counsel's request for a continuance still would have been made after the 90 days had expired.)

The premise of the State's argument is dubious. Not only does the State fail to cite a case in support of the proposition that the filing of a petition for rehearing tolls the time period of a conditional habeas order, but it fails to cite binding precedent apparently to the contrary. See Tifford v. Wainwright, 588 F.2d 954, 957 (5th Cir. 1979) (90 day resentencing period specified in conditional habeas order not tolled by state's petition for rehearing). The State has no basis for concluding that the district court was clearly erroneous in finding that the 90 day resentencing time limit had expired on October 25. Consequently, Cave's counsel's request for a continuance on November 17 is irrelevant to the issue of the State's compliance with the habeas order.

2

time for good cause, the sentence of death imposed on the Petitioner will be vacated and the Petitioner sentenced to life imprisonment.

Conceivably, the first sentence, read by itself, could be thought ambiguous as between directing that the act of scheduling occur within 90 days and directing that a sentencing proceeding before a jury commence within 90 days. But the two sentences together leave little room for interpretation: if the State fails to hold a new sentencing hearing--at which Cave may present evidence to a jury--within the designated time period, then Cave is to be sentenced to life imprisonment. Merely scheduling such a hearing is not, on the terms of the habeas order, sufficient.[2]

Apparently accepting that the scheduling conference itself was not sufficient to discharge the State's time-limited obligations under the habeas order, the majority construes what happened at that scheduling conference as an "agreement" to continue resentencing beyond the 90 day period. There are two serious problems with that approach.

First, nowhere in the habeas order is there any provision for extensions of the 90 day resentencing time limit by agreement of the parties; to the contrary, the order expressly provides a different mechanism for extending the 90 day period: "an Order

_____

[2]The presiding state court judge at the scheduling conference described his task as "to set this case for trial within the mandated time period." R.72, Tr. of Oct. 22, 1992 Hr'g at 3. This would seem an odd remark had the scheduling conference itself been understood to discharge this responsibility.

from this Court extending said time for good cause."[3]  The order

was a direction from the district court to the State; Cave simply

lacked the power unilaterally to forgive the State of its court-

imposed obligation.[4]

Second, assuming that express agreement by Cave to postpone

resentencing beyond the 90 day period would suffice to waive the

time limit, the transcript of the October 22, 1992, scheduling

conference reveals no such agreement.  Instead, it is evident

from the transcript that everyone in attendance at the October 22

conference erroneously believed that the tentative date set for

the resentencing hearing, November 30, 1992, was within the 90

day period.[5]  It is true that the attorney from the public

defender's office who was present at the conference apparently

---

[3]The State never availed itself of the habeas order's
invitation to petition the district court for such a "good cause"
extension of the 90 day resentencing period.

[4]Insofar as the second district judge interpreted the order
drafted by the first district judge to permit extension of the 90
day period by agreement, I doubt this misreading is, as the
majority argues, entitled to this court's deference.  Although we
generally defer to a district judge's reasonable interpretation
of his own order, the only rationale for doing so--that the
district judge who drafted the order is in the best position to
know what he meant to say--disappears when the judge doing the
interpreting is not the same person as the judge who did the
drafting.  In any case, the interpretation imposed on the order
by the second district judge was, in my opinion, unreasonable.

[5]There is no evidence in the record to suggest that Cave's
counsel knew that the 90 day period would expire at the end of
October and was withholding this knowledge from the state court
or that he was otherwise strategically delaying in the hope that
the 90 day period would expire before Cave was resentenced.
Cave's counsel was newly appointed and had not even spoken with
Cave at the time of the scheduling conference.

4

concurred in the judge's doubt that the public defender's office would be ready for trial on November 30; but it is also true that this attorney did not consent to any date other than November 30 at the conference, let alone acknowledge that the 90 day limit might have to be extended or waived.[6]

Because, by all indications, everyone at the conference mistakenly believed that November 30, 1992, was within the 90 day period, there is no way that the lawyer representing Cave (who was not himself present) could have knowingly waived the 90 day limit or consented to an extension.  Cf. Hamilton v. Watkins, 436 F.2d 1323, 1326 (5th Cir. 1970) ("The accepted classic definition of waiver is ... 'an intentional relinquishment or abandonment of a known right or privilege.'") (quoting Johnson v. Zerbst, 58 S. Ct. 1019, 1023 (1938) (emphasis added).  The only question, then, is which party should bear the "cost" of this mutual mistake.  I believe it should be the State.  The habeas order was directed to the State, not Cave, and the State was in a better position to

---

[6]The majority says that its "conclusion that there was such an agreement derives strong support from the fact that the parties at the October 22 status conference explicitly noted that the 90-day period could be extended by later agreement."  I am not sure what the majority means by "explicitly noted," as no one at the scheduling conference actually said anything about what sort of procedure would suffice to extend the resentencing period.  While the participants did contemplate putting off the resentencing proceedings until April, there is no way of telling from the transcript whether they believed that their agreement to do so would be sufficient to comply with the habeas order or whether instead the government would have to petition the district court for a "good cause" extension.  In any case, the attorney from the public defender's office did not agree to any date that he did not believe (albeit mistakenly) was within the 90 day period.

5

ensure compliance by initiating resentencing within the mandated period or requesting a "good cause" extension.

The majority argues that Cave's temporary counsel at the sentencing hearing forfeited Cave's "entitlement" to be resentenced within 90 days by analogy to defense counsel's forfeiture of a right by failing to object to its violation at trial. This line of reasoning iterates the error of viewing the habeas order as granting Cave a right or entitlement--which he could subsequently forfeit through his own negligence--instead of directing the State to do something--an obligation that would persist irrespective of the actions of Cave or his counsel. Worse, the majority assumes that the responsibility for ensuring resentencing within the 90 day period falls not on the State but, perversely, on Cave himself. Neither the State nor Cave "objected" at the scheduling hearing to the imminent failure of the judge to order resentencing within the specified period because neither was aware of the miscalculation of time. I do not understand the majority's view that Cave alone should be punished for a failure primarily, if not exclusively, attributable to the State.

## II.

Given that the State failed to hold a rescheduling hearing within the 90 day period, the only question remaining is the enforceability of the district court's habeas order mandating imposition of a life sentence. Issuing such an order is, under

6

some circumstances, within the authority of a habeas court. Consequently, the district court was within its habeas jurisdiction in issuing the order, and the order is not unenforceable per se. Moreover, the further question of whether the conditional bar against resentencing was an appropriate exercise of the district court's discretion on the facts of this case is not properly before this court because the State failed to challenge the form of habeas relief granted by the district court in its previous Eleventh Circuit appeal. I would conclude, therefore, that the habeas order should be enforced as written, imposing on Cave a final sentence of life imprisonment.

The federal habeas statute empowers federal courts to grant relief "as law and justice require," 28 U.S.C. § 2243, and expressly contemplates remedies other than release from custody, see 28 U.S.C. § 2244(b) ("release from custody or other remedy on an application for a writ of habeas corpus"). The Supreme Court consistently has emphasized that a federal court is vested "'with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.'" Hilton v. Braunskill, 107 S. Ct. 2113, 2118 (1987) (quoting In re Bonner, 14 S. Ct. 323, 327 (1894)). Most commonly, courts granting habeas relief issue "conditional release" orders, which require the state to release the petitioner from custody or from an unconstitutional sentence unless the petitioner is retried or resentenced within some specified (or a "reasonable") period of time. Ordinarily, if the state fails to retry or resentence the

7

petitioner within the designated period of time, it may still rearrest and retry or resentence the successful habeas petitioner at a later time.[7]  See Moore v. Zant, 972 F.2d 318, 320 (11th Cir. 1992), cert. denied, 113 S. Ct. 1650 (1993).

The question presented here, however, is whether a habeas court has the authority to issue a conditional order permanently forbidding reprosecution or resentencing if the state fails to act within a specified time period.  (On the facts of this case, this question becomes whether a habeas court can forbid further state capital sentencing hearings once a death sentence has been held unconstitutional and the state has failed to comply with the procedural requirements of the resulting habeas order.)  Three out of four circuits to have decided this issue have held that federal courts do have the authority to bar retrial of a habeas petitioner who has successfully challenged his or her conviction. See Capps v. Sullivan, 13 F.3d 350, 352 (10th Cir. 1993); Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir. 1993) ("district court has authority to preclude a state from retrying a successful habeas petitioner when the court deems that remedy appropriate"); Burton v. Johnson, 975 F.2d 690, 693 (10th Cir. 1992), cert. denied, 113 S. Ct. 1879 (1993); Heiter v. Ryan, 951 F.2d 559, 564 (3d Cir. 1995).  Only the Fifth Circuit has indicated that a habeas court lacks the power to permanently bar a state from retrying or resentencing a defendant.  See Smith v. Lucas, 9 F.3d 359, 365-67

_____

[7]Of course, the defendant's Sixth Amendment speedy trial rights may be asserted against retrial in state court and, if that fails, in a subsequent federal habeas petition.

8

(5th Cir. 1993), <u>cert. denied</u>, 115 S. Ct. 98 (1994). <u>But see</u> <u>Smith v. Lucas</u>, 16 F.3d 638, 641 (5th Cir.) (on appeal from the district court's order on remand from the previous Fifth Circuit <u>Smith</u> decision, purporting only to "<u>have some doubt</u> as to whether a federal court has the authority to enter" a habeas order prohibiting the state from subsequently seeking a death sentence) (emphasis added), <u>cert. denied</u>, 115 S. Ct. 151 (1994).

Although this circuit has not decided the issue, the most relevant Eleventh Circuit case seems to comport with the majority view that habeas courts have the power to bar retrial or resentencing. In <u>Moore v. Zant</u>, this court interpreted a conditional habeas order not to prohibit the state from subsequent capital resentencing. Explaining the effect of the typical conditional habeas order, the court stated that after a successful habeas petitioner is released from custody "the state may <u>ordinarily</u> still rearrest and reprosecute that person," and that the grant of the writ "does not <u>usually</u> adjudicate the constitutionality of future state acts directed at the petitioner." 972 F.2d at 320 (emphases added). Evidently, then, the court was of the opinion that habeas courts could, under certain circumstances, permanently bar reprosecution or resentencing.

I would hold that it is within the broad habeas power of a federal court to issue an order permanently barring the state from retrying or resentencing the petitioner. Indeed, in some cases this may be the only effective form of habeas relief. For

9

example, if the basis for granting habeas relief is a violation of the petitioner's Fifth Amendment Double Jeopardy rights or insufficiency of the evidence, then barring a new trial would be the only way to prevent the state from iterating the constitutional violation.  Similarly, a prisoner's Sixth Amendment speedy trial rights would be rendered meaningless if, even after a successful habeas petition asserting these rights, he or she could be tried or sentenced at the will of the state.

Of course, to recognize that this extreme remedy is authorized is not to condone its routine use; habeas courts must exercise discretion.  Other courts to have recognized the authority of habeas courts to impose permanent bars on retrial or resentencing sensibly have limited the circumstances in which this form of relief would be appropriate.  See Capps, 13 F.3d at 352-53  (generally should be reserved for cases in which the "constitutional violation ... cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust); Foster, 9 F.3d at 727 ("suitable only in certain situations, such as when a retrial itself would violate the petitioner's constitutional rights").

We need not now define the circumstances in which such relief would be warranted, however, because the claim that the district court abused its discretion by mandating the conditional imposition of a life sentence is not properly before this court. The State admits that it did not challenge the form of relief specified in the habeas appeal on its previous appeal to the

10

Eleventh Circuit.[8]  It is not necessary, therefore, for this court to determine whether the district court abused its discretion by mandating the conditional bar to retrial on the facts of this case; the form of relief granted became the law of this case when the State failed to challenge it on the initial appeal.

This is precisely the situation confronted by the Tenth Circuit in both Capps and Burton.  In each of those cases, the court held that the state had waived any challenge to the habeas remedy of permanent discharge.  Capps, 13 F.3d at 353; Burton, 975 F.2d at 693-94.  In fact, in Capps the court recognized that "because nothing in the record suggests the constitutional violation was not redressable in a new trial, the district court apparently abused its discretion [by issuing a writ barring retrial]."  13 F.3d at 353.  Nevertheless, because the state did not challenge the remedy in its initial appeal of the grant of habeas to the Tenth Circuit, the court held that it was precluded from reviewing the form of habeas relief granted by the district court.  Id.  I would follow the approach of the Tenth Circuit, finding it dispositive that the district court was acting within the scope of its habeas authority.

### III.

The State in this case not only failed to resentence Cave in

_____

[8]The State challenged only the substantive (i.e., Strickland) basis for granting the writ.

11

the time allotted but also failed to challenge the valid habeas remedy granted by the district court in the first Eleventh Circuit appeal.  As a result, Cave should be sentenced to life imprisonment.

I respectfully DISSENT.