UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
FOR THE TENTH CIRCUIT

NOAH HARJO,

      Petitioner-Appellee,

v.

RON WARD and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellants.

No. 95-5171
(D.C. No. 93-C-285-K)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Respondents appeal from the district court's judgment granting petitioner Noah Harjo a conditional writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In 1987, petitioner was convicted by a jury in an Oklahoma state court of first degree murder and conspiracy to commit murder after former conviction of a felony. He was tried together with three codefendants, and all four defendants were represented by the same attorneys. Petitioner was sentenced to life imprisonment; his convictions and sentences were affirmed on appeal. Harjo v. State, 797 P.2d 338 (Okla. Crim. App. 1990).

Petitioner, appearing pro se, filed the instant petition for writ of habeas corpus in the district court raising various grounds for relief. The district court denied all of petitioner's claims except for the claim that he was denied his Sixth Amendment right to the effective assistance of counsel because of a conflict of interest resulting from the trial court's refusal to grant separate counsel for petitioner. After additional briefing on this issue, the district court granted the writ, holding that the state trial court's requirement that the same counsel represent petitioner and his codefendants violated petitioner's right to the effective assistance of counsel.

We review de novo the mixed question of fact and law whether petitioner received effective assistance of counsel. Selsor v. Kaiser, 81 F.3d 1492, 1497 (10th Cir. 1996). At our request, the record was supplemented with the state

court transcripts. We have reviewed the entire record, as well as the materials submitted by the parties. We AFFIRM the district court's conditional grant of a writ of habeas corpus for substantially the reasons stated by the district court in its July 27, 1995 order. We note, however, that the district court's order gave the state 120 days from July 27, 1995, to commence proceedings to retry petitioner. No motion for stay of that order appears in either the record of the district court or this court; nor do we have any indication that a retrial proceeding was commenced within the 120-day period. We presume then that petitioner has either been released or is being held in custody on another conviction. The district court's order, however, is ambiguous on whether the state will be permitted to retry petitioner after issuance of the writ or whether petitioner was intended to be permanently discharged. That should be clarified on the REMAND we now order. See Capps v. Sullivan, 13 F.3d 350, 353-54 (10th Cir. 1993); Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992), cert. denied, 507 U.S. 1043 (1993).

Petitioner's motion for appointment of counsel is denied.

Entered for the Court

James K. Logan
Circuit Judge

-3-