NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHUTING KANG,<br><br>          Plaintiff-Appellee,<br><br>     v.<br><br>SOPHIE HARRISON, FKA Xianqin Wang Harrison, AKA Sophia Wang, AKA Xianqin Wang, AKA Xueqing Wang; JARROD HARRISON; SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., a California corporation; SINO-USA ENTREPRENEUR ASSOCIATION, INC., a dissolved California corporation,<br><br>          Defendants-Appellants. | No.   18-16528<br><br>D.C. No. 4:17-cv-03034-DMR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted December 2, 2019[**]
San Francisco, California

Before:  LUCERO,[***] CALLAHAN, and BADE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carlos F. Lucero, United States Circuit Judge for the

Defendants-Appellants Sophie Harrison, Jarrod Harrison, Shengrun International Industry Group, Inc., and Sino-USA Entrepreneur Association, Inc. appeal from the district court's order granting Plaintiff-Appellee Shuting Kang's motion to enforce a settlement agreement. Appellants argue that the district court erred by amending its January 11, 2016 order dismissing the case and that the district court lacked subject matter jurisdiction to enforce the settlement agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

We review an order amending a final judgment pursuant to Federal Rule of Civil Procedure 60(a) for an abuse of discretion. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A district court has very wide latitude in correcting clerical mistakes in a judgment." *Blanton*, 813 F.2d at 1577. To determine whether amendment under Rule 60(a) was proper, this court "focuses on what the [district] court *originally intended* to do." *Id*. But Rule 60(a) does not permit "a court to make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent.'" *Garamendi*

---

U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

*v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992)).  Instead, the correction "must reflect the contemporaneous intent of the district court as evidenced by the record." *Id.* (quoting *Burton*, 975 F.2d at 694).

Here, the district court amended its January 11, 2016 dismissal order by inserting language expressly retaining jurisdiction to enforce the parties' settlement agreement.  We find ample evidence in the record to support a finding that this amendment comports with the district court's original intent.  As an initial matter, in contrast to Appellants' argument, the district court's initial dismissal order did not state that the district court would retain jurisdiction to enforce the settlement agreement for 60 days only.  Instead, that order permitted a party to reopen the underlying proceedings within 60 days before the district court's dismissal with prejudice became final.  The initial dismissal order omits any mention of the district court's intention to retain jurisdiction over the dismissal order.

In addition, the record contemporaneous to the district court's dismissal provides evidence of its original intent.  For example, a docket entry resulting from a settlement conference before a magistrate judge states that the "Court [would] retain jurisdiction over the settlement."  Similarly, although not direct evidence of the district court's intent, Kang's case management statement reiterates this position by stating that "[t]he Court will enforce the judgment if not paid."  And

the settlement agreement, which was negotiated through mediation before a magistrate judge, states that each party "acknowledges that the Court has jurisdiction over this Agreement." Accordingly, the district court did not abuse its discretion by amending its earlier dismissal order to expressly retain jurisdiction to enforce the settlement agreement.[1]

## II

We review questions of subject matter jurisdiction de novo. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). Without "some independent basis for federal jurisdiction," federal courts have no inherent authority to enforce a settlement agreement even where the dismissal of a federal suit serves as consideration for that agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). But a court may enforce such an agreement by virtue of its ancillary jurisdiction if it incorporates "the parties' obligation to comply with" the agreement into a dismissal order. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 381). A court may do this in one of two ways: (1) by inserting a provision explicitly retaining jurisdiction into its dismissal order; or (2) by directly incorporating the terms of the agreement into that order. *See id.*

---

[1] We reject Appellants' argument that *Hagestadt v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995), stands for the proposition the district court lacked jurisdiction to amend its own order.

As the parties concede, the district court's dismissal order, as amended, contains an explicit provision retaining jurisdiction to enforce the settlement agreement.  This provision was sufficient to confer subject matter jurisdiction upon the district court to enforce the parties' settlement agreement.  *See Kokkonen*, 511 U.S. at 381–82.

**AFFIRMED.**