**Dennis Stephen WALDON,
Petitioner–Appellant,**

v.

**Jack COWLEY, Warden,
Respondent–Appellee.**

No. 89–5014.

United States Court of Appeals,
Tenth Circuit.

July 31, 1989.

Rehearing Denied Aug. 23, 1989.

Submitted on the briefs: *

Dennis Stephen Waldon, pro se.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for respondent-appellee.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

*Pro se* petitioner-appellant Dennis Stephen Waldon filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, on April 14, 1987, initiating a collateral attack on a 1980 Oklahoma conviction entered after Waldon's plea of guilty for knowingly concealing stolen property. Rec. vol. I, doc. 1. Waldon's habeas challenge to the validity of his guilty plea was denied by the federal district court. Rec. vol. I, doc. 25. The district court granted Waldon's request for a certificate of probable cause pursuant to Fed.R.App.P. 22(b), permitting

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a). 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

review of the denial of the § 2254 writ. We now dismiss the appeal.

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see* 28 U.S.C. § 2254. In *Maleng v. Cook,* —— U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court held that when a conviction has fully expired, a habeas petitioner is not "in custody" just because the prior conviction under attack will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Id.* 109 S.Ct. at 1926. According to the Court, while the concept of "custody" extends beyond incarceration to parole on an unexpired sentence, it does not go so far as to include "the situation where a habeas petitioner suffers no present restraint from a conviction" at the time of the filing of the habeas petition. *Id.*

It appears from the face of Waldon's petition that he was not in custody for the conviction he challenges at the time of the petition's filing. As one of the grounds for making his collateral attack, Waldon states that "[p]etitioner has a substantial stake in the judgment of conviction which *survives the satisfaction of the sentence imposed on petitioner.*" Rec. vol. I, doc. 1 at 8 (emphasis added); *see also id.* at 1 (five-year sentence of imprisonment imposed on June 9, 1980). Waldon apparently seeks collateral relief because he "cannot engage in certain businesses or obtain any licensing of certain businesses" or because his prior conviction "may be used to show collateral consequences such as higher [sic] sentence as a recidivist by a state court." Rec. vol. I, doc. 1 at 8. Because these concerns did not represent a present restraint at the time of the filing of his petition, Waldon was not in custody within the meaning of *Maleng.*[1]

---

1. The Court left open the question of to what extent a petitioner may challenge an expired conviction in an attack on a conviction for which the petitioner *is* in custody, when the latter conviction has been enhanced by the prior one. *Maleng,* 109 S.Ct. at 1927. That possibility is inapplicable here as Waldon's petition, con-

The appeal is therefore DISMISSED for lack of jurisdiction.

---

strued with the deference given to *pro se* litigants, *id.* at 1926–27, attacks only the expired conviction, and it appears that the expired con-

viction was not used to enhance Waldon's unexpired convictions, *see* rec. vol. I, doc. 6 at 3.