James CAPPS, Petitioner–Appellee,

v.

George SULLIVAN, Respondent–Appellant.

No. 91–2125.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1993.

---

Tova Indritz, Federal Public Defender, Albuquerque, NM, for petitioner-appellee.

Tom Udall, Atty. Gen., and Patricia A. Gandert, Asst. Atty. Gen., Santa Fe, NM, for respondent-appellant.

Before McKAY, Chief Circuit Judge, SETH, Senior Circuit Judge, and BRORBY, Circuit Judge.

BRORBY, Circuit Judge.

In this case we consider the jurisdiction of a United States District Court acting pursuant to 28 U.S.C. §§ 2241 *et seq.*, the federal habeas corpus statute, to bar a state criminal proceeding.

## BACKGROUND

In September 1986 Mr. James Capps was convicted of heroin trafficking by a state court in New Mexico. In August 1989 a United States District Court issued an order granting Mr. Capps' request for a writ of habeas corpus after finding the conviction was tainted by a constitutional violation, ineffective assistance of counsel. The federal court's order instructed Mr. Sullivan, who was both the respondent and warden of the state penitentiary where Mr. Capps was confined, to release Mr. Capps from confinement "unless a new trial [is] held within 90 days."

Mr. Capps was not retried, nor was a stay of the order timely requested. Mr. Sullivan appealed the district court's decision. In November 1990, significantly more than ninety days after the issuance of the writ, Mr. Capps became eligible for parole on an unrelated sentence and sought release from confinement pursuant to the federal court's order. The federal court released Mr. Capps from custody, subject to conditions imposed pending the outcome of the appeal. We affirmed the granting of the writ in December 1990, but we offered no opinion as to the effect of the expiration of the ninety-day period as the issue was not before the court.

Submitted on the Briefs: *

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this ap- peal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

*Capps v. Sullivan,* 921 F.2d 260 (10th Cir. 1990).

Following our decision, Mr. Capps filed a "Motion for Issuance of Writ of Habeas Corpus" seeking to vacate the conviction, lift the conditions imposed on his release, and bar the State from retrying him on the underlying charges. He recited that Mr. Sullivan had been ordered to release him unless a new trial was held within ninety days and that a new trial had not been held.

On May 13, 1991, the district court granted the writ of habeas corpus. The writ referred to the magistrate judge's report, as adopted by the district court and amended by this court, that Mr. Capps had been denied effective assistance of counsel. The writ additionally stated that "since the State failed to retry Mr. Capps within ninety days of the Court's order or to seek any stay during that time, the State of New Mexico is barred from any retrial of petitioner on the charges underlying that conviction."

Mr. Sullivan now appeals that part of the district court's decision barring the new trial. He claims the district court lacked the power to bar the retrial of Mr. Capps, and if it did have the power, it abused its discretion.

## DISCUSSION

We first address Mr. Sullivan's claim that the district court lacked the authority to bar the new trial. A United States District Court writ of habeas corpus does not generally bar a retrial of the petitioner on the charges underlying his defective conviction. *Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir.1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978). The effect of the writ is to vacate the conviction and release the petitioner from custody. In fact, rather than barring a new trial, the district court normally should facilitate it by suspending the writ for a time reasonably calculated to provide the state an adequate opportunity to conduct the new trial. *Irvin v. Dowd,* 366 U.S. 717, 729, 81 S.Ct. 1639, 1646, 6 L.Ed.2d 751 (1961); *Bowen v. Maynard,* 799 F.2d 593, 614 n. 12 (10th Cir.), *cert. denied,* 479 U.S. 962, 107 S.Ct. 458, 93 L.Ed.2d 404 (1986).

The federal district courts, however, have the authority to dispose of habeas corpus matters as "law and justice require." 28 U.S.C. § 2243. The statute vests the federal courts with " 'the largest power to control and direct the form of judgment to be entered in cases brought ... on *habeas corpus.*' " *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987) (citation omitted). In this circuit, barring a new trial is a permissible form of judgment. *Burton v. Johnson,* 975 F.2d 690, 693 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993); *see also Hannon v. Maschner,* 981 F.2d 1142, 1145 (10th Cir.1992). It is a power necessary to protect the purpose of habeas corpus jurisdiction when the error forming the basis for the relief cannot be corrected in further proceedings. For example, when a trial would violate the Double Jeopardy Clause of the Fifth Amendment, barring the trial may be the only remedy for the violation. *Cf. Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 303, 104 S.Ct. 1805, 1810, 80 L.Ed.2d 311 (1984); *Greyson v. Kellam,* 937 F.2d 1409, 1413 (9th Cir.1991); *Robinson v. Wade,* 686 F.2d 298, 303 n. 8 (5th Cir.1982); *Fain v. Duff,* 488 F.2d 218 (5th Cir.1973), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975). Accordingly, it is clear Mr. Sullivan's contention that the district court lacked the authority to bar the retrial is meritless; the district court had the power to grant any form of relief necessary, including permanent discharge. *Burton,* 975 F.2d at 693; *Bromley,* 561 F.2d at 1364; *Levy v. Dillon,* 415 F.2d 1263, 1265 (10th Cir.1969).

We next consider the claim that the district court abused its discretion. In the typical case, we review the form of judgment entered by the district court for an abuse of discretion. *Gurule v. Turner,* 461 F.2d 1083, 1084 (10th Cir.1972); *Gill v. Turner,* 443 F.2d 1064, 1066 (10th Cir.1971). For a federal court to exercise its habeas corpus power to stop a state criminal proceeding "special circumstances" must exist. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973); *Dolack v. Allenbrand,* 548 F.2d 891, 893 (10th Cir.1977). In general, the constitutional vio-

lation must be such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust. In this case, because nothing in the record suggests the constitutional violation was not redressable in a new trial, the district court apparently abused its discretion. In fact, the district court implicitly ruled the constitutional violation was redressable when it ordered release or a new trial.

In this circuit, however, a wrinkle of recent vintage in the "law of the case" doctrine precludes review of the form of judgment entered by the district court. The wrinkle appeared in *Burton v. Johnson*. In that habeas case, the petitioner was granted a writ of habeas corpus and the respondent was ordered to release the petitioner "unless a new trial [was] commenced within 90 days." *Burton*, 975 F.2d at 691. The granting of the writ was affirmed, but meanwhile ninety days elapsed without commencement of a new trial. The case again reached this court and we held the conditional order was ambiguous and that there was insufficient information to determine if the order was intended, when filed, to release the petitioner from physical custody alone, or to release her from the charges as well. *Id.* at 694. We also determined the State was "precluded from obtaining substantive review of whether permanent discharge in the case at hand constitute[d] an abuse of the District Court's discretion" because neither party contested the remedy in the first appeal. *Id.* at 693. Although not expressly so stated, the holding in *Burton* was a form of the law of the case doctrine. Under that doctrine, "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C.Cir.1987).

The proceedings in this case are very similar to those in *Burton*. First, the writ at issue is nearly identical to the writ disputed in *Burton*. Thus, by the law of this circuit, it is ambiguous. Second, neither party contested the effect of the expiration of the ninety-day period in the first appeal so we must decline to review the permanent discharge of Mr. Capps. The only difference we perceive between this case and *Burton* is that here the district court believed it had the power to bar the retrial and did so, whereas in *Burton* the opposite was true. We are not persuaded, however, that this difference is significant. *Burton* held that the conditional order *may* bar retrial if that was the intent of the district court when the order was filed. We are not satisfied the district court's decision to bar retrial in May 1991 reflects its understanding of the effect of the expiration of the ninety-day period in August 1989. As such, we see no difference between this case and *Burton* at this point and are otherwise hampered by an inadequate record of the district court's understanding of its order. We remand to the district court to give effect to its original understanding of the order granting Mr. Capps relief.

■ On remand, should the district court conclude it issued an ordinary writ of habeas corpus, Mr. Capps may yet have a claim that the failure to promptly retry him violated his Sixth Amendment right to a speedy trial.[1] Such a claim is cognizable by the district court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which provides that: "(c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States." *See Braden*, 410 U.S. at 489, 93 S.Ct. at 1126; *Dickerson v. Louisiana*, 816 F.2d 220, 224–25 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987). Of course, for the district court to have jurisdiction, Mr. Capps must be in custody. *Lydon*, 466 U.S. at 300, 104 S.Ct. at 1809; *Waldon v. Cowley*, 880 F.2d 291, 292 (10th Cir.1989). And, although not jurisdictional, he must also satisfy

---

1. The Sixth Amendment reads, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

the exhaustion requirement.[2] Whether exhaustion requires the petitioner to stand for trial prior to habeas corpus relief depends upon the nature of the remedy sought. "'[An] attempt to dismiss an indictment or otherwise prevent a prosecution' ... is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted." *Atkins v. Michigan,* 644 F.2d. 543, 547 (6th Cir.) (citing *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976)), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *see also Fisher v. Rose,* 757 F.2d 789, 792 (6th Cir.1985) (citing cases). We have no opinion of whether Mr. Capps has demanded a speedy trial.

We **REMAND** for such other appropriate action as may be consistent with this opinion.

McKAY, Chief Judge, dissenting:

Regretfully I must dissent from the majority opinion.

In my view, the only issue is whether the district court erred in construing its prior decree as barring retrial of Petitioner. This issue is controlled by *Burton.* "A district court is not permitted ... to clarify a judgment ... to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record." *Burton,* 975 F.2d at 694 (citations omitted).

The intent of the district court at the time it entered its original order, much like the intent of a legislative body at the time it enacts a statute, is one of law that we review *de novo.* Nevertheless, the court is free to place whatever reliance on the decision under review that it deems justified, so long as it reviews the record in light of its own independent judgment. *Ocelot Oil Corp. v. Spar-*

*row Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988). In my view, the views of the district court as to its own intent are highly probative.

In this case, the original order required Respondent to release Petitioner "unless a new trial is held within 90 days." As we held in *Burton,* this statement is ambiguous as to whether the district court merely intended to order the state to release Petitioner from imprisonment under this one conviction within ninety days, or whether the district court intended to require the state to retry Petitioner within ninety days or be forever barred from prosecuting him.

Given this ambiguity, the trial court's own clear view of its order as requiring the state to retry Petitioner within ninety days or never is perfectly reasonable. Respondent has presented no arguments as to why the order cannot be interpreted in that way, or as to why the trial court should not be seen as having issued the order with that intent. Under these circumstances, and in light of the fact that we are barred from considering Respondent's claim that the trial court abused its discretion, I can only conclude that the trial court was correct in its interpretation of its own order.

I would affirm the judgment of the district court.

---

**2.** No statutory exhaustion requirement applies to § 2241, but case law holds "that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson,* 816 F.2d at 225; *see also Ex parte Royall,* 117 U.S. 241, 250–54, 6 S.Ct. 734, 739–41, 29 L.Ed. 868 (1886).