**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KYLE WILSON FORNEY,

    Plaintiff-Appellant,

      v.

STATE OF OKLAHOMA; GARY L.
AUKLEY; JOHN DOE, Assistant
District Attorney; JANE DOE,
Assistant District Attorney,

    Defendants-Appellees.

No. 98-6234
(D.C. No. 98-CV-405)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Kyle Forney, an Oklahoma pretrial detainee appearing pro se, appeals the

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's dismissal of his complaint seeking habeas relief and damages under 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss in part and affirm in part.

In his complaint filed March 20, 1998, Forney alleged he was arrested for various traffic violations on November 27, 1997, but was not arraigned until December 18, 1997, and did not make his first court appearance until January 21, 1998. He sought immediate release from confinement and an order barring his prosecution by the State, as well as compensatory and punitive damages. The magistrate judge recommended dismissal of the action after concluding the action for immediate release and for bar of prosecution was properly construed as a petition for writ of habeas corpus, but the relief sought was beyond the federal court's authority to act. As for the claims for damages, the magistrate concluded the named defendants were immune under 42 U.S.C. § 1983. Forney filed written objections and the district court adopted the magistrate's recommendation, dismissing the action in its entirety.

Liberally construing the complaint, we agree that Forney effectively asserted two causes of action -- one for habeas relief and one for damages under § 1983. We will review the two causes of action separately.

## Habeas Relief

Although a state pretrial detainee may bring a habeas action in federal court

-2-

to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial," Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973), he may not seek habeas relief to forestall state prosecution altogether. See id. at 490-91; see Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993) (by filing pretrial habeas petition, criminal defendant can only seek to force the state to go to trial). Forney presents no special circumstances which would justify interference by the federal courts in his pending state prosecution. Forney does not seek enforcement of his right to a speedy trial, but rather seeks immediate release and an order prohibiting his pending prosecution. The district court properly dismissed the habeas portion of Forney's petition.

## Damages

The district court was correct in concluding the named defendants were immune from suit. Under the Eleventh Amendment, the State of Oklahoma is immune from § 1983 claims. See McWilliams v. State of Colorado, 121 F.3d 573, 575 (10th Cir. 1997); Meade v. Grubbs, 841 F.2d 1512, 1525-26 (10th Cir. 1988). Likewise, the two assistant prosecutors are immune from civil suits for damages under § 1983 for actions in initiating and prosecuting Forney's criminal case.[1] Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The district court properly

---

[1] Other than naming the two prosecutors as defendants, Forney did not identify the individuals or describe their involvement in alleged constitutional

(continued...)

-3-

dismissed Forney's § 1983 claims.

Forney has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), and is not entitled to a certificate of appealability. We DENY a certificate of appealability and DISMISS Forney's appeal from dismissal of his request for habeas relief.  We AFFIRM the district court's dismissal of Forney's 42 U.S.C. § 1983 claims.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1](...continued)
deprivations.  For purposes of this appeal, we presume they were the prosecutors assigned to Forney's criminal case.