**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL P. PAALAN,

Petitioner - Appellant,

v.

COLONEL MICHEAL A. LANSING,

Respondent - Appellee.

No. 99-3220

(D. Kansas)

(D.C. No. CV-98-3436-RDR)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael P. Paalan, a prisoner at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, appeals the district court's dismissal, without

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prejudice, of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2441.[1]  The dismissal was based on the fact that Mr. Paalan's appeal of his trial by general court-martial and conviction, and, inter alia, for premeditated murder, is currently pending before the Navy-Marine Corps Court of Criminal Appeals. Thus, Mr. Paalan has not yet exhausted his available remedies.  See Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991); Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993).

Mr. Paalan does not dispute the fact that his appeals are ongoing in the military courts.  Rather, he argues that federal courts should intervene because, he asserts, the military courts have, at all relevant times, lacked jurisdiction over him, and because his case demonstrates both special merit and hardship.  He also contends that the long delay by the military courts in resolving his appeal warrants immediate federal court intervention.  The district court did not err in declining to do so.

Our habeas jurisdiction to review a military conviction is limited even when the habeas petition is filed at the appropriate time.  See Burns v. Wilson, 346 U.S. 137, 142-44 (1976); Lips v. Commandant, U.S. Disciplinary Barracks,

---

[1]Mr. Paalan also seeks a certificate of appealability.  However, that requirement does not apply to § 2441 petitions. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

997 F.2d 808, 811 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994); Khan v. Hart, 943 F.2d 1261, 1262-63 (10th Cir. 1991).

This petition is premature. The military courts must first decide the issues, including the issue of jurisdiction, raised by Mr. Paalan.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge