**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FEDERAL DEPOSIT INSURANCE
CORPORATION, a manager of the
FSLIC Resolution Trust,

Plaintiff-Appellee,

v.

CHARLES E. CURRIER; DENNIS
MCCARY; JOHNSON AND
LANPHERE, P.C.,

Defendants,

and

K. DOUGLAS PERRIN,

Defendant-Appellant.

No. 98-2212
(D.C. No. CIV-92-0232 JC/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

K. Douglas Perrin appeals from the district court's orders denying his motion under Fed. R. Civ. P. 60(b) to set aside an order enforcing settlement of claims by the FDIC against him and entering judgment against him. We review orders enforcing settlement agreements, denying Rule 60(b) motions, and entering a particular form of judgment for an abuse of discretion. *See United States v. Hardage*, 982 F.2d 1491, 1495 (10th Cir. 1993); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996); *Capps v. Sullivan*, 13 F.3d 350, 352 (10th Cir. 1993).

Following the failure of Valley Federal Savings Bank, the FDIC, as successor to the Resolution Trust Corporation, filed a complaint against Perrin, former director and legal counsel for Valley Federal, and a number of other officers, directors and attorneys, alleging breaches of various duties they owed to Valley Federal. In March 1994, Perrin and the FDIC entered into a Memorandum of Understanding Re Settlement of Claims of RTC against K. Douglas Perrin (MOU) in which the parties agreed to settle the litigation between them. The MOU provided in part that in return for the FDIC's dismissing its claims against

-2-

Perrin, he would pay FDIC $75,000 plus interest. The MOU also contemplated that the parties would negotiate a settlement agreement setting out the details of their agreement. The parties were subsequently unable to agree on certain aspects of the settlement--in particular, the date from which interest would run--and in August 1995, the FDIC filed a motion to enforce the MOU. Perrin did not file any response to the motion, despite several extensions of time to do so, and the district court granted the motion in April 1996, indicating that "[i]f necessary, [the FDIC] shall submit a proposed order for enforcement of the terms of the settlement." Appellant's App., Doc. 2.

In October 1997, the FDIC filed a motion for entry of judgment seeking payment of the $75,000 plus interest from February 4, 1995. At the same time, Perrin filed a motion under Rule 60(b) to set aside the order enforcing the MOU and a response to the motion for entry of judgment. Perrin contended that the MOU was no longer enforceable because he had agreed to it only due to a mistake on his part and because it was unjust. In January 1998, the district court denied Perrin's motion to set aside, but concerned about the amount of interest the FDIC was seeking, took the FDIC's motion under advisement. In June 1998, the district court entered judgment against Perrin on the terms requested by the FDIC.

On appeal, Perrin first argues that the district court should have set aside its order enforcing the MOU under Rule 60(b) on the basis of mistake--his unilateral

mistake in entering into the MOU. He claims that the mistake was his misconception that Valley Federal failed due to the fault of the bank's management rather than, as he claims he learned later as a result of the Supreme Court's decision in *United States v. Winstar Corp.*, 518 U.S. 839 (1996), due to the FDIC's failure to live up to certain contracts with Valley Federal. He contends this unilateral mistake should allow rescission of the MOU. *See Twin Forks Ranch, Inc. v. Brooks*, 907 P.2d 1013, 1015 (N.M. Ct. App. 1995).

To the extent Perrin contends that his mistake is the type for which relief may be granted under Rule 60(b)(1),[1] he is incorrect. This type of mistake--one made in the negotiation of a contract or settlement--is not the type of mistake for which Rule 60(b)(1) provides relief; i.e., mistakes that occur in the judicial process. *See Cashner*, 98 F.3d at 578 (finding Rule 60(b) relief unavailable for "kind of mistake pertain[ing] to the New Mexico contract doctrine of allowing recission of a contract" for mutual mistake). Moreover, even if we consider Perrin's claim of unilateral mistake on the merits, we agree with the district court that Perrin failed to make the required showing, inter alia, that he did not bear the risk of any mistake he may have made. *See Twin Forks Ranch*, 907 P.2d at 1015.

---

[1]     In the district court, Perrin did not cite any particular subsection under Rule 60(b), and the district court considered it under subsections (1) and (2). On appeal, Perrin cites only subsections (5) and (6).

Perrin also contends that enforcement of the MOU would be unjust, for which he contends relief is available under Rule 60(b)(5), because it would violate substantive due process. He argues that the government's conduct in allegedly causing Valley Federal to fail and using its unlimited resources to force him to settle the FDIC's claims was unconscionable. The FDIC's claims against him were not related to Valley Federal's failure per se, but to specifically identified transactions that arose independent from Valley Federal's failure. (Valley Federal's failure only extended the statute of limitations applicable to the claims against Perrin.) Furthermore, as the district court noted, Perrin admitted he understood the risks of going to trial and settling, and he did not face any concerns not typically encountered by any litigant. The district court did not abuse its discretion by not finding enforcement of the order unjust.

Finally, Perrin contends that the district court exceeded its authority in entering judgment ordering him to pay $75,000 plus interest from February 4, 1995, because the MOU contemplated that the parties would negotiate a more detailed settlement agreement, a promissory note, and security documents. Perrin did not raise this issue in the district court, and we ordinarily do not consider issues raised for the first time on appeal. *See Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995). Even were we to consider this issue, we would conclude that Perrin has not shown that the district court abused

its discretion in entering judgment as it did. In the MOU, Perrin clearly agreed to pay the FDIC $75,000 plus six percent interest. The MOU did not indicate the date from which the interest should run, but Perrin failed to argue for a date different from the date sought by the FDIC in its request for entry of judgment.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge