**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JARED S. DUKEMINIER,

      Petitioner-Appellant,

v.

CHARLES CRANDELL, Warden,
Central Arizona Detention Center;
GRANT WOODS, Attorney General
for the State of Arizona; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 00-2062

(D.C. No. CIV-98-1262-JC)
(D.N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jared Dukeminier appeals the district court's denial of his petition for habeas corpus relief brought under 28 U.S.C. §§ 2241 and 2254, which the district court treated as a § 2254 petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny Dukeminier a certificate of appealability, and dismiss the appeal.

## I.

Dukeminier is a pro se inmate serving a prison term under a New Mexico state conviction. At the time he filed his petition, he had been transferred to the physical custody of the Corrections Corporation of America in Arizona, a private company that contracts with the State of New Mexico. On August 18, 1997, Dukeminier filed a petition under 28 U.S.C. §§ 2241 and 2254 in the United States District Court for the District of Arizona, alleging he was transferred to Arizona in violation of federal and New Mexico state law. On September 24, 1998, the Arizona district court determined that Dukeminier had not exhausted his state remedies in New Mexico and transferred the case to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1404(a). On February 12, 1999, the New Mexico district court dismissed Dukeminier's petition for failure to exhaust state court remedies, treating the petition as properly brought under § 2254. The district court denied Dukeminier a certificate of appealability, but granted him leave to proceed on appeal in forma

2

pauperis.

II.

We review the district court's dismissal of Dukeminier's habeas corpus petition de novo. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Initially, we note that the New Mexico district court erred in treating Dukeminier's petition as one properly brought under § 2254 rather than § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (noting that an attack on a prisoner's transfer "seems to fit better under the rubric of § 2241"). Although a remand would generally be the appropriate remedy for this error, we find such action unnecessary because Dukeminier's claims are without merit. See Montez, 208 F.3d at 865-86 (dismissing appeal rather than remanding case under similar circumstances).

On appeal, Dukeminier asserts that the contract between the State of New Mexico and the Corrections Corporation of America in Arizona for custody of prisoners violated his rights under the United States Constitution and the laws and public policy of New Mexico. Dukeminier fails to detail the applicable state laws and public policy or how his transfer violated those laws and policy. As for Dukeminier's constitutional arguments, this court has held that "[n]either the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another." Montez, 208 F.3d at 865-66 (quotation omitted).

3

The New Mexico district court dismissed Dukeminier's petition for failure to exhaust his state court remedies. On appeal, Dukeminier does not argue that he has exhausted those remedies. Although § 2241 has no statutory exhaustion requirement, our case law establishes that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quotation omitted). Because Dukeminier failed to exhaust his state remedies, the dismissal of his federal habeas petition was not erroneous. See Montez, 208 F.3d at 866 (stating that "because no credible federal constitutional claim is raised in [petitioner's] petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2)" requiring exhaustion of state remedies). We are convinced that Dukeminier's arguments are without merit and the district court did not err in dismissing his habeas petition.

III.

We DENY Dukeminier a certificate of appealability and DISMISS the appeal. See Montez, 208 F.3d at 867 (concluding that a certificate of appealability is required for a state prisoner to appeal the denial of a

4

§ 2241petition).  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge