**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 2001**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

KEVIN O. NEIL MARTIN,

      Petitioner-Appellant,

v.

ARI ZAVARAS, Manager of Safety
and ex officio Sheriff for the City and
County of Denver; A. WILLLIAM
RITTER, JR., District Attorney in and
for the Second Judicial District, State
of Colorado,

      Respondents-Appellees.

No. 01-1182

(D.C. No. 01-Z-341)

(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Kevin O. Neil Martin is currently incarcerated at the Denver, Colorado, County Jail. Mr. Martin appeals the district court's order dismissing his pro se Application for a Writ of Habeas Corpus. In his Application, Mr. Martin alleges that his speedy trial rights have been violated by the State of Colorado.

If Mr. Martin's speedy trial rights have been violated, the appropriate relief is to order the State of Colorado to promptly bring Mr. Martin to trial. See Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993). The district court apparently refused to order the State of Colorado to bring Mr. Martin to trial because he did not specifically request that form of relief in his habeas petition. A pro se petition should be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). It is immaterial that in his petition Mr. Martin requested release from prison rather than an order for the State of Colorado to promptly bring him to trial. The record is replete with Mr. Martin's requests for a speedy trial.

We find the record on appeal and the briefs inadequate to determine whether Mr. Martin's speedy trial rights have been violated. While the record arguably contains a reasonable explanation for Colorado's failure to try Mr. Martin through August 1999, there is nothing in the record to support why Mr. Martin still has not been tried over two years later. The district court should order the State of Colorado to explain why Mr. Martin has been incarcerated for

over three years without trial.

We reverse and remand to the district court the dismissal of Mr. Martin's Application for a Writ of Habeas Corpus for further review to determine whether the State of Colorado has violated Mr. Martin's constitutional speedy trial rights. If Mr. Martin's rights have been violated, an order directing the State of Colorado to bring Mr. Martin to trial within sixty days should be entered. Mr. Martin has been incarcerated for over three years without a trial. We urge the district court to proceed with all deliberate speed.

Mr. Martin's application for a Certificate of Appealability is GRANTED.

The Motion for Substitution of Parties is GRANTED. A. William Ritter, Jr., District Attorney in and for the Second Judicial District, State of Colorado, will be substituted for Ken Salazar, Attorney General of the State of Colorado.

REVERSED and REMANDED.

Entered for the Court

Monroe G. McKay
Circuit Judge