File Name: 08a0418n.06
Filed: July 14, 2008
No. 08-5646

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PAUL G. HOUSE, | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| | ) | |
| RICKY BELL, Warden, | ) | **O R D E R** |
| | ) | |
| **Respondent-Appellee.** | ) | |
| | ) | |

**BEFORE: MERRITT, NORRIS, and SILER, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Petitioner Paul G. House has filed several motions in response to an order of the district court entered May 29, 2008. This order followed on the heels of this court's opinion affirming an earlier grant of a conditional writ of habeas corpus pursuant to 28 U.S.C. § 2254. *House v. Bell*, 2008 WL 1943935 (6th Cir. May 5, 2008). Petitioner has appealed from that order. The pending motions ask us to stay the district court judgment pending appeal, to expedite the appeal, and to release petitioner into expanded federal custody pending that appeal. The issues on appeal are whether the State has complied with the terms of the conditional writ of habeas corpus entered on December 20, 2007, and whether the State should be barred from re-prosecuting House. For the reasons that follow, we conclude that the record before this court is inadequate to determine either issue. Specifically, we cannot

1

ascertain whether it has "commenced" a new trial against petitioner or whether it violated House's due process rights during the conditional period. We must therefore remand the case to the district court for further fact-finding related to these questions. Furthermore, pending resolution of the federal habeas proceedings and this appeal, petitioner is entitled to release for the reasons outlined by the district court in its Memorandum of April 7, 2008. In light of the fact that House has been released from prison by the State, we need not address the question of his release pending the final resolution of this federal habeas corpus proceeding.

This court entertained oral argument on the motions now before us on June 17, 2008. The parties were asked whether the district court record had been supplemented to demonstrate whether or not the conditions for complying with the writ that the district court set out in its Order of May 29, 2008 had been satisfied. Both the State and petitioner conceded that they had not. It is axiomatic that this Court cannot resolve appeals on the representations of the parties; our review is confined to the record developed in the district court. Because the record requires supplementation, we remand to the district court pursuant to 28 U.S.C. § 2106 with instructions to ascertain whether the State has, in fact, met the conditions to satisfy the writ.

In its earlier ruling, the district court considered arguments raised by petitioner that his re-prosecution should be barred because the manner in which the State proceeded after the grant of the writ amounted to a violation of due process. We have held that in certain "extraordinary circumstances," barring the state from re-prosecuting a defendant is the appropriate remedy. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006); *see also Foster v. Lockhart*, 9 F.3d

2

722, 727 (8th Cir. 1993) ("A district court has authority to preclude a state from retrying a successful habeas petitioner when the court deems that remedy appropriate"); *Capps v. Sullivan*, 13 F.3d 350, 352 (10th Cir. 1993); *Morales v. Portuondo*, 165 F. Supp. 2d 601, 609 (S.D.N.Y. 2001) (barring re-prosecution based upon, among other factors, the defendants' likely innocence, the District Attorney's handling of the case, and the severe prejudice to the defendants in their ability to present a defense in a new trial given the significant passage of time). Among other things, petitioner points to the delay in appointment of counsel to represent him in the contemplated re-prosecution, *ex parte* communications by the State with the Tennessee trial court, and the destructive testing of evidence by the State in violation of prior orders of the district court. While we note that the district court considered and rejected certain of these contentions in its Memorandum of May 29, 2008, it must further develop the record with respect to these allegations on remand, particularly since petitioner was unrepresented by counsel in the state-court proceedings at the time of the district court's decision.

Because we are remanding to the district court for further fact-finding, we deny petitioner's motion for an expedited appeal, which at best is premature. We likewise deny his motion for a stay of the district court judgment pending appeal.

The motions for a stay of judgment and expedited appeal are **DENIED.** The matter is **REMANDED** for further proceedings consistent with this Order.

IT IS SO ORDERED.

**SILER**, Circuit Judge, dissenting.  I have the utmost respect for my colleagues on this panel, but I think that it is a terrible mistake for us to take the action which the majority has effected.  I would deny the emergency motions for release and to stay the judgment pending appeal.

We have previously upheld the issuance of a writ of habeas corpus by the district court. The effect of that writ is to vacate the prior judgment of conviction and direct the State to proceed with a new trial or to dismiss the case.  The State has now proceeded toward a new trial, and the district court has found that procedure is in substantial compliance with the conditions of the writ.  This court has now remanded the case to the district court for further findings of fact and conclusions  of law.

Inasmuch as House has made this extraordinary motion for release and motion to stay the judgment, it is his burden to show under the facts and law at the time that his motion was filed that he is entitled to relief.  He has not shown that.  I would deny both motions without prejudice to raising them at a subsequent time, in the event the district court makes any findings of fact or conclusions of law which might give rise to relief before this court.  There seem to be few issues of fact that need to be developed.  The parties at argument admitted that counsel has been appointed for House and that the state court has set a trial date.  Most of the issues discussed at the time of argument concern matters which must be decided by the Tennessee court system. This is not a super appeals court for the State of Tennessee.  We are not the Tennessee Court of Criminal Appeals.  Once House's conviction was vacated, it was up to the state court to proceed.

4

If House feels that his bond for retrial is excessive, he has the right to appeal that decision to the appropriate Tennessee appellate courts, not this court.

Although counsel for House indicates that he does not want this court to micro-manage the proceedings before and during trial, in effect he is asking us to do this. He brings up problems of the late appointment of defense counsel, of bad faith on the part of the district attorney general, on the disqualification of the trial judge, on the excessive bond set by the court, and of the destruction of potential evidence. All of these are matters which can be raised in the state appellate courts, if not in the trial court itself.[1]

House correctly argues that we have broad discretion to fashion habeas corpus relief, citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987), and *Gall v. Parker*, 231 F.3d 265, 335 (6th Cir. 2000), and to impose terms of release. However, although the language in those cases indicates our broad discretion, the facts are significantly different. In *Hilton*, the question concerned the release of a successful habeas corpus petitioner while the State was appealing. In *Gall*, the question was whether Gall was subject to another trial when the second trial would have been barred by double jeopardy under the Constitution. Nevertheless, this case should not now be before us. We should not be reviewing the terms of a bond set by the state court. The

---

[1]Since the time of the hearing in this case before this court, apparently the state trial court reduced the bond to an amount which was made by House. However, there was no court finding about this, nor did any of the parties notify this court of the fact that it happened. This is why we do not need to remand the case for further findings of fact. If this court now finds facts within the case from news releases, it would be a waste of time to remand the matter to the district court to make a finding that bond has been set and House has been released.

district court did not set a bond, and we should not set one, either. House may be a sympathetic person with his current illness, but the State of Tennessee has well-trained judges who understand the law as well as we do.

The majority cites several cases which would allow us in certain "extraordinary circumstances" to bar the State from reprosecuting a defendant. But most of these cases concern the appeal from the issuance of a conditional writ of habeas corpus by a district court, and a failure by the State to comply with the conditions. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006) (State failed to make a plea offer within 60 days; court ordered unconditional writ); *Capps v. Sullivan*, 13 F.3d 350, 352 (10th Cir. 1993) (district court issued writ for failure by the State to retry petitioner within 90 days; remanded for findings by the district court as to whether the writ was conditional); *Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir. 1993) (district court may release petitioner on bond but the issuance of the writ did not preclude the State from reprosecuting the petitioner). Finally, *Morales v. Portuondo*, 165 F. Supp. 2d 601, 609 (S.D.N.Y. 2001), appears to be an aberration in the law. It is from a district court in New York and involved the bar of a retrial of the petitioners, because the court was incensed over the conduct of the prosecution in the original case. Unlike these cases cited, in the case at bar the district court found that so long as the State took "affirmative steps to commence and diligently and expeditiously pursue the reprosecution of the petitioner by June 17, 2008 . . . the State will be in substantial compliance with the court's order." That is why these motions are premature. Unlike the cases listed above, the district court has not issued the final unconditional writ and has

6

found no extraordinary circumstances which would warrant the bar of another trial.

It was never meant in our system of federalism for this court to take such action as we are doing today. The district court acted correctly in all aspects of this case before us. If House wishes for the district court to make further findings on its issuance of a conditional writ, he should request the district court to do so and then see if another appeal prior to a state trial is warranted. There is no precedent in our circuit for this extraordinary action, so I decline to join our distinguished majority in this unwise decision.

ENTERED BY ORDER OF THE COURT

_____
Leonard Green, Clerk

7