**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 2, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL A. WOOTEN,

    Plaintiff - Appellant,

v.

CALVIN HAYDEN; WAYNE RECTOR;
WAYNE BAKER; DALE REED; (FNU)
HOSTETLER; JOSEPH MAZZEI; (FNU)
BERG; (FNU) PREW; (FNU) (LNU) (1);
JASON COVINGTON; KELLY RYAN,

    Defendants - Appellees.

No. 21-3065
(D.C. No. 5:18-CV-03067-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Michael A. Wooten appeals pro se from the dismissal of his 42 U.S.C. § 1983

action challenging his pretrial detention in solitary confinement. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Wooten is a pretrial detainee at the Johnson County Adult Detention Center

(JCADC), where he has been held on state charges since 2017.  The district court

summarized the factual background as follows:

> Plaintiff is charged with aggravated indecent liberties and sexual
> exploitation of a child.  He was taken into custody in October 2017 and
> was ordered to have no contact with the juvenile victim.  However, he
> repeatedly contacted the victim by telephone from the jail; in a state
> court proceeding, the State described the contents of the calls as
> including extensive witness intimidation [by which] the defendant
> discussed with and suggested to the juvenile victim that she commit
> suicide.  The jail became aware of these calls and took steps to block the
> victim's phone number.  Despite this, the plaintiff was able to contact
> the victim using different telephone numbers that were not programmed
> into the jail telephone system.
>
> In December 2017, the state district court ordered that plaintiff be
> prohibited from using the telephone in the JCADC.  The jail responded
> by placing plaintiff in a solitary confinement cell with release for three
> hours daily.

R. at 305 (citations and internal quotation marks omitted).[1]

In his second amended complaint, which is the operative complaint, Wooten

claimed his due process rights were violated because a sheriff at JCADC, Calvin

Hayden, and a state court judge, Kelly Ryan, "made the decision to punish [him] by

[placing him in] solitary confinement," R. at 296.  He also alleged he had been held

---

[1] Recognizing Wooten's pro se status and the liberal pleading standard, the
district court gleaned these facts in part from supplemental materials Wooten filed
with the district court.  Wooten does not object either to the district court's reference
to his supplemental materials or its recitation of the facts.

2

in solitary confinement for two-and-a-half years with no finding of guilt, and he sought $15 million in compensatory damages.[2]

On screening, the district court dismissed the suit for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).  The court determined that Wooten failed to state a due process violation because his placement in solitary confinement was not punishment but a restriction reasonably related to the jail's legitimate interest in preventing him from contacting the victim.  The court further determined that Wooten asserted a speedy-trial claim, which must be brought in state court or in a federal habeas petition.  Finally, the court concluded that Wooten's claim for compensatory damages was barred by 42 U.S.C. § 1997e(e).

II

We review de novo the district court's dismissal under § 1915A(b)(1) for failure to state a claim.  *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).  "A pleading that states a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ghailani v. Sessions*, 859 F.3d 1295, 1303 (10th Cir. 2017) (quoting Fed. R. Civ. P. 8(a)(2)).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough.  *Id.* at 1304 (internal quotation marks omitted).  The complaint must "include[] enough facts to state a claim to relief that is

---

[2] Wooten also named as defendants "Sgt. Hostetler plus 6 remaining on additional sheet."  R. at 295.  He did not, however, explain how they participated in any wrongdoing.  We constrain our analysis accordingly.

3

plausible on its face." *Young*, 554 F.3d at 1256 (internal quotation marks omitted). Although we afford pro se pleadings a liberal construction, we do not advocate for pro se parties, who are obligated to follow the same rules of procedure that govern other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On appeal, Wooten repeats many of the same allegations that the district court found deficient, but he does not directly address the district court's reasons for dismissing his claims. His failure to do so waives appellate review of the district court's rulings. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming dismissal where appellant failed to challenge the district court's grounds for dismissal).[3]

Even so, we perceive no error in the district court's analysis. Wooten insists his placement in solitary confinement violated his due process rights as a pretrial detainee, but the district court correctly explained there was no due process violation so long as the restriction was not punishment. Indeed, "[a]bsent a showing of an expressed intent to punish on the part of detention facility officials, th[e]

---

[3] Wooten's opening brief makes several undeveloped statements that have no apparent relationship either to his claims or to the grounds for the district court's dismissal. *See, e.g.*, Aplt. Br. at 4 ("Inadequate counsel . . . Incorrect evidentiary ruling, Prosecutorial misconduct all resulting from Isolation."); *id.* ("Inadequate legal representation can have major consequences for a criminal proceeding . . . ."); *id.* ("Biased or lost evidence by judge[.]"). We do not consider these comments because "scattered statements" made in the context of other issues "fail to frame and develop an issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

4

determination [of whether a restriction constitutes punishment] generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Bell v. Wolfish*, 441 U.S. 520, 538 (1979) (brackets and internal quotation marks omitted). "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment." *Id.* at 539. But "the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id.* at 540.

Wooten's placement in solitary confinement was not punishment. It was a facility management tool implemented by JCADC to effectuate the state court's order prohibiting Wooten from contacting the victim. JCADC officials attempted alternative, less restrictive measures, including blocking the victim's phone number, but Wooten circumvented those measures and persisted in calling the victim. This more restrictive measure was reasonably related to JCADC's legitimate interest in managing the facility in a way that prevented Wooten from contacting the victim in contravention of the state court's order. *See id.* (recognizing that restrictions reasonably related to a detention facility's legitimate management goals are not punishment); *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 (10th Cir. 2005) (concluding there was no due process violation where pretrial detainee was placed in

5

segregation as a managerial decision for lack of bed space in general population and as a security measure where detainee admitted to an escape plot from his previous facility).

The district court also correctly determined that, to the extent Wooten asserted a Sixth Amendment speedy-trial claim, he should have brought it either via a federal habeas petition under 28 U.S.C. § 2241 or through the normal channels available in his state criminal proceedings, *see Capps v. Sullivan*, 13 F.3d 350, 353-54 & n.2 (10th Cir. 1993) (recognizing that after exhausting his state remedies, a state pretrial detainee may bring a Sixth Amendment speedy-trial claim under § 2241 to force the state to go to trial, but noting that "federal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available" (internal quotation marks omitted)); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.").

Finally, the district court correctly determined that Wooten's claim for compensatory damages was barred by 42 U.S.C. § 1997e(e), which states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .

6

*Id.* Wooten sought compensatory damages "for [the] mental [and] physical stress of unlawfully being incarcerated [without a] speedy trial and years of solitary confinement." R. at 300 (capitalization omitted). He did not, however, identify a physical injury or sexual act as a result of the alleged speedy-trial violation or his placement in solitary confinement. Consequently, his claim for compensatory damages was barred. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (recognizing that § 1997e(e) "limits the remedies available . . . if the only injuries are mental or emotional"); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999) (holding that § 1997e(e) barred claim for compensatory damages to the extent plaintiff alleged only mental or emotional harm).[4]

### III

The district court's judgment is affirmed. Wooten's motion to proceed without prepayment of costs and fees is granted.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[4] Although Wooten referred to "physical stress," R. at 300, he did not allege that he suffered any "physical injury" as required by § 1997e(e). We also note that the first amended complaint did allege injury and sexual assault, but those allegations do not appear in the operative complaint, so we may not consider them. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." (internal quotation marks omitted)).