NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0229n.06
Filed: May 5, 2008

Nos. 08-5107/5108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PAUL G. HOUSE, | ) | |
| | ) | ON APPEAL FROM THE |
| **Petitioner-Appellee/** | ) | UNITED STATES DISTRICT |
| **Cross-Appellant,** | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | **M E M O R A N D U M** |
| RICKY BELL, Warden, | ) | **O P I N I O N** |
| | ) | |
| **Respondent-Appellant/** | ) | |
| **Cross-Appellee.** | ) | |

BEFORE: MERRITT, NORRIS, and SILER, Circuit Judges.

**PER CURIAM.** Warden Ricky Bell, represented by the Attorney General of the State of

Tennessee, appeals from the conditional grant of a writ of habeas corpus, 28 U.S.C. § 2254, to

petitioner Paul G. House, who has been under sentence of death since 1986. In addition to the

assignments of error raised by respondent, petitioner cross-appeals the denial of habeas relief on the

alleged misuse of fiber evidence by the prosecution.

As the date of conviction confirms, this case has a long procedural history, which we see no

reason to recite here. Suffice it to say that this court, sitting en banc, previously upheld the denial

of the writ in a closely divided decision. *House v. Bell*, 386 F.3d 668 (6th Cir. 2004) (en banc). The

Supreme Court reversed, however. *House v. Bell*, 547 U.S. 518 (2006). We then remanded the

matter to the district court for further proceedings consistent with that opinion. *House v. Bell*, 466

F.3d 549 (6th Cir. 2006).  The district court granted a conditional writ vacating the conviction and sentence unless the State retried petitioner within 180 days.

Having had the benefit of the guidance provided by the Supreme Court, as well as the extensive briefing and oral argument of the parties, we now affirm the judgment of the district court for the reasons set forth in its memorandum opinion dated December 20, 2007.  Given the extensive consideration that this case has received in the course of its twenty-year history, a detailed opinion by this court would serve no useful purpose and would only further delay resolution of this matter.

The judgment of the district court is **affirmed**.