ORDER
ALAN E. NORRIS, Circuit Judge.
Petitioner Paul G. House has filed several motions in response to an order of the district court entered May 29, 2008. This order followed on the heels of this court’s *440 opinion affirming an earlier grant of a conditional writ of habeas corpus pursuant to 28 U.S.C. § 2254. House v. Bell, 276 Fed.Appx. 437 (6th Cir.2008). Petitioner has appealed from that order. The pending motions ask us to stay the district court judgment pending appeal, to expedite the appeal, and to release petitioner into expanded federal custody pending that appeal. The issues on appeal are whether the State has complied with the terms of the conditional writ of habeas corpus entered on December 20, 2007, 2007 WL 4568444, and whether the State should be barred from re-prosecuting House. For the reasons that follow, we conclude that the record before this court is inadequate to determine either issue. Specifically, we cannot ascertain whether it has “commenced” a new trial against petitioner or whether it violated House’s due process rights during the conditional period. We must therefore remand the case to the district court for further fact-finding related to these questions. Furthermore, pending resolution of the federal habeas proceedings and this appeal, petitioner is entitled to release for the reasons outlined by the district court in its Memorandum of April 7, 2008, 2008 WL 972709. In light of the fact that House has been released from prison by the State, we need not address the question of his release pending the final resolution of this federal habeas corpus proceeding.
This court entertained oral argument on the motions now before us on June 17, 2008. The parties were asked whether the district court record had been supplemented to demonstrate whether or not the conditions for complying with the writ that the district court set out in its Order of May 29, 2008, 2008 WL 2235235, had been satisfied. Both the State and petitioner conceded that they had not. It is axiomatic that this Court cannot resolve appeals on the representations of the parties; our review is confined to the record developed in the district court. Because the record requires supplementation, we remand to the district court pursuant to 28 U.S.C. § 2106 with instructions to ascertain whether the State has, in fact, met the conditions to satisfy the writ.
In its earlier ruling, the district court considered arguments raised by petitioner that his re-prosecution should be barred because the manner in which the State proceeded after the grant of the writ amounted to a violation of due process. We have held that in certain “extraordinary circumstances,” barring the state from re-prosecuting a defendant is the appropriate remedy. See Satterlee v. Wolfenbarger, 453 F.3d 362, 370 (6th Cir.2006); see also Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir.1993) (“A district court has authority to preclude a state from retrying a successful habeas petitioner when the court deems that remedy appropriate”); Capps v. Sullivan, 13 F.3d 350, 352 (10th Cir.1993); Morales v. Portuondo, 165 F.Supp.2d 601, 609 (S.D.N.Y.2001) (barring re-prosecution based upon, among other factors, the defendants’ likely innocence, the District Attorney’s handling of the case, and the severe prejudice to the defendants in their ability to present a defense in a new trial given the significant passage of time). Among other things, petitioner points to the delay in appointment of counsel to represent him in the contemplated re-prosecution, ex parte communications by the State with the Tennessee trial court, and the destructive testing of evidence by the State in violation of prior orders of the district court. While we note that the district court considered and rejected certain of these contentions in its Memorandum of May 29, 2008, it must further develop the record with respect to these allegations on remand, particularly since petitioner was unrepresented by *441 counsel in the state-court proceedings at the time of the district court’s decision.
Because we are remanding to the district court for further fact-finding, we deny petitioner’s motion for an expedited appeal, which at best is premature. We likewise deny his motion for a stay of the district court judgment pending appeal.
The motions for a stay of judgment and expedited appeal are DENIED. The matter is REMANDED for further proceedings consistent with this Order.
IT IS SO ORDERED.