Dean J. VILLANTE, Plaintiff–Appellant,

v.

R. VANDYKE and R. Hall, Defendants–Appellees.

No. 03–0044.

United States Court of Appeals, Second Circuit.

March 29, 2004.

Thomas M. O'Brien, The Legal Aid Society, Criminal Defense Division, Brooklyn, NY, for Plaintiff–Appellant.

Andrea Oser, Assistant Solicitor General (Martin A. Hotvet, Assistant Solicitor General), for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees, of counsel.

Present: McLAUGHLIN, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Dean Villante appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*), granting summary judgment in favor of defendants-appellees R. VanDyke and R. Hall on the ground that Villante failed to exhaust his administrative remedies as required by § 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA"). Villante argues that the district court abused its discretion in allowing VanDyke and Hall to file a subsequent motion for summary judgment on exhaustion grounds after the deadline set in the case management plan for the filing of such motions. Specifically, Villante maintains that VanDyke and Hall had no excuse for failing to move for dismissal earlier and that their delay in asserting the exhaustion defense caused him irremediable prejudice. For the reasons that follow, we affirm.

Villante first argues that VanDyke and Hall waived the defense of failure to exhaust by failing to include it in their first motion for summary judgment. We have held that failure to exhaust administrative remedies is an affirmative defense to be raised and proven by a defendant. See *Jenkins v. Haubert,* 179 F.3d 19, 18–29 (2d Cir.1999). Generally, defendants are

deemed to have waived the defense if they fail to raise it. *See Travellers Int'l., A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir.1994). We have, however, never required defendants who have properly pled the defense in their answer to also file a motion for summary judgment on exhaustion grounds in order to preserve the defense. Indeed, Federal Rule of Civil Procedure 8(c) requires only that an affirmative defense be included in a responsive pleading, such as an answer, not that it be the subject of a pretrial motion, and Villante has pointed to no case suggesting otherwise. Fed.R.Civ.P. 8(c). Here, the answer stated, "Plaintiff has failed to exhaust administrative remedies." Villante has not identified any case law establishing that this language was insufficient to assert the defense of failure to exhaust administrative remedies under the PLRA. Accordingly, we conclude that VanDyke and Hall, having raised the exhaustion defense in their answer, did not waive the defense by failing to include it in their first motion for summary judgment.

■ The next question is therefore whether it was within the discretion of the district court to allow VanDyke and Hall to move for summary judgment on the ground of failure to exhaust administrative remedies after the deadline for the filing of summary judgment motions set in the case management plan. Pursuant to Federal Rule of Civil Procedure 16, a district court is required to enter a scheduling order that limits the time, *inter alia*, "to file motions." Fed.R.Civ.P. 16(b). The district court can, however, modify the order "upon a showing of good cause." *Id.* We have held that "[a] finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir.2003). The District of Connecticut in *Bayonne v. Pitney Bowes, Inc.*, No. 3:03CV712, 2004 WL 169285, 2004 U.S. Dist. LEXIS 602 (D.Conn. Jan.12, 2004), elaborated on the factors to be considered in evaluating good cause:

> Under Rule 16(b), a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir.2000).

> The decision to permit amendment of the proposed joint pretrial order rests within the discretion of the Court and should be granted when "the interests of justice make such a course desirable." *Madison Consultants v. Fed. Deposit Ins. Corp.*, 710 F.2d 57, 62 n. 3 (2d Cir.1983). In making such a determination, the court should balance "the need for doing justice on the merits" against judicial efficiency. *Laguna v. American Export Isbrandtsen Lines, Inc.*, 439 F.2d 97, 101 (quoting 3 J. Moore, Federal Practice P16.20, at 1136 (3d ed.1968)). The Court should also "consider whether any prejudice to the opposing side will result." *Ismail v. Cohen*, 706 F.Supp. 243, 255 (S.D.N.Y.1989).

*Id.* at 2004 WL 169285, *1–2, 2004 U.S. Dist. LEXIS 602, *3–4.

Villante contends that the late filing of the appellees' second summary judgment motion caused him undue prejudice because it effectively precluded him from being able to exhaust his administrative remedies and to refile his complaint before the running of the three-year statute of limitations on his § 1983 action. VanDyke and Hall counter that, under C.P.L.R. § 205(a), "meritorious claims dismissed on exhaustion grounds may be reinstated within six months of the final resolution of the dismissal (including any appeal there-

**310**

from)," and that "C.P.L.R. § 204 may ... apply ... to toll C.P.L.R. § 205(a)'s six-month grace period for the pendency of any grievance proceedings ultimately pursued by [Villante]." We need not decide, however, whether Villante will be precluded from reinstating his complaint on statute of limitations grounds because, even assuming *arguendo* that he would, the timing of the appellees' second summary judgment motion would not be the cause of this result. Given that the appellees preserved the defense of failure to exhaust in their answer, they remained free to assert this defense at trial. Villante thus would have been in the same position in terms of the statute of limitations whether or not the appellees moved for summary judgment on the basis of Villante's failure to exhaust his administrative remedies. Accordingly, Villante was in no way prejudiced by the late filing of the appellees' second summary judgment motion. Rather, the pretrial ruling saved Villante the trouble and expense of preparing for a trial on the merits, which he would have lost under PLRA § 1997e(a).

Villante also maintains that the appellees did not have a reasonable excuse for failing timely to move for summary judgment on exhaustion grounds but rather that they acted in bad faith by deliberately concealing their exhaustion defense. In response, the appellees represent that their decision to file the second summary judgment motion was prompted by the Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), which overturned this Court's holding in *Nussle v. Willette*, 224 F.3d 95 (2000), and interpreted § 1997e(a) to govern not only conditions affecting prisoners generally, but also single incidents. *Nussle v. Willette* was not decided until three months after the appellees filed their first summary judgment motion, thus illustrating that, at the time the appellees filed their first dispositive motion, the law

in this Circuit regarding exhaustion was unsettled. The appellees' excuse for failing to bring a summary judgment motion based on exhaustion within the time set in the case management plan was therefore reasonable. Nor is there any evidence that the appellees attempted to conceal their exhaustion defense; on the contrary, as noted earlier, they asserted the defense in their answer at the start of the case.

Accordingly, for the foregoing reasons, we find that the appellees did not waive the defense of failure to exhaust and that the interests of justice made it desirable for the district court to allow the appellees to file a late motion for summary judgment on exhaustion grounds. Accordingly, we **AFFIRM** the judgment of the district court.