**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4589
_____

JEFFREY ALLEN DRIPPE,

Appellant

v.

RALPH GOTOTWESKI
_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:06-cv-01096)
District Judge:  Hon. A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2011

Before:  CHAGARES, JORDAN, and GREENAWAY, JR., Circuit Judges.

(Filed: June 27, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Jeffrey Drippe appeals from the District Court's dismissal of his case for failure to

exhaust his administrative remedies.  For the reasons set forth below, we will affirm.

1

I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. Jeffrey Drippe was an inmate in the Pennsylvania state prison system when he suffered a foot infection. Believing that there was an unreasonable delay in his receiving medical attention that amounted to an Eighth Amendment violation, he brought suit against Officer Ralph Gototweski.

The case was filed in the Middle District of Pennsylvania on December 16, 2006, and the District Court required that all dispositive motions be submitted by March 2, 2008. Gototweski filed his first summary judgment motion on October 25, 2007, and that motion was denied on August 11, 2008. On November 10, 2008, seven days before the trial was scheduled to begin, Gototweski filed a second motion for summary judgment, this time alleging that Drippe had not exhausted his claims as required by the Prison Litigation Reform Act ("PLRA"). The District Court also denied that motion. On November 16, 2008, one day before trial, Gototweski orally presented a motion for summary judgment, arguing that the court should decide the issue of exhaustion prior to empanelling the jury. The court heard argument on the issue and dismissed Drippe's complaint for failure to exhaust his claims before the prison grievance system.

Drippe appealed to this Court. We remanded the case, noting that the District Court failed to evaluate Gototweski's untimely summary judgment motion under Federal Rule of Civil Procedure 6(b). The case was remanded so that the District Court could determine whether the untimely motion was still permissible, and if it was not, the District Court could proceed to a trial.

On remand, the District Court concluded that the untimely summary judgment motion could not be considered, and the case was scheduled for a trial on November 8, 2010. On October 28, 2010, Gototweski filed a motion to bifurcate the trial, pursuant to Federal Rule of Civil Procedure 42(b), requesting that the District Court first hold a bench trial on the legal issue of exhaustion, and then hold a jury trial on the issue of liability. The District Court granted the motion to bifurcate, held a brief bench trial on the issue of exhaustion, and concluded that Drippe had not exhausted his claims. The District Court subsequently dismissed the case, and no trial on liability was ever held. Drippe appeals, asserting that Gototweski has waived the defense of exhaustion, that the District Court violated this Court's mandate and the law-of-the-case doctrine while this case was before it on remand, and that the District Court erred in granting a sua sponte motion for summary judgment against Drippe.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 and this Court has jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of a motion to bifurcate trial for abuse of discretion. Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 105 (3d Cir. 1992). In appeals of judgments entered following a bench trial, we review findings of fact for clear error, while conclusions of law are subject to de novo review. Pell v. E.I. DuPont de Nemours & Co., 539 F.3d 292, 300 (3d Cir. 2008).

## III.

Drippe first argues that Gototweski waived the defense of exhaustion by failing to raise it in a timely motion for summary judgment. He asserts that Gototweski did not

3

simply waive his ability to raise this defense on summary judgment, but that this is an affirmative defense that must be raised in pre-trial motion, and by failing to do so, Gototweski waived the defense entirely. In the present case, there is no dispute that Gototweski raised his affirmative defense in his Answer to Drippe's Amended Complaint. That he did not make a timely dispositive motion based upon this affirmative defense in no way means that he waived the defense; instead, he waived only his ability to receive summary adjudication of that defense. The standard for affirmative defenses is that "[f]ailure to raise an affirmative defense by responsive pleading <u>or</u> by appropriate motion generally results in the waiver of that defense." <u>Charpentier v. Godsil</u>, 937 F.2d 859, 863 (3d Cir. 1991) (emphasis added). Gototweski raised the affirmative defense in his responsive pleading, and he was, therefore, entitled to pursue this defense at trial, even if he waived the right to summary relief on that claim.

Drippe next argues that the District Court violated this Court's mandate as well as the law-of-the-case doctrine when the case was on remand. We disagree. The District Court appropriately conducted a Rule 6(b) analysis of Gototweski's untimely summary judgment motion and determined that the motion could not be adjudicated. It then proceeded to a trial of the case. As stated above, the fact that Gototweski waived the right to summary adjudication of his affirmative defense does not mean that he waived the right to assert that defense at trial. Despite Drippe's contentions to the contrary, the District Court did not simply grant summary judgment by another name on remand; it held a trial on the issue. That the issue was separated from the question of liability and subject to a trial that was not particularly lengthy does not make it any less of a trial.

4

Further, Drippe makes no argument regarding the substance of the District Court's decision to bifurcate the trial, and instead attacks the decision solely for being the functional equivalent of summary judgment. This provides no ground for determining that the District Court abused its discretion in granting the motion to bifurcate, or committed any clear error on issues of fact or legal error in its judgment following the non-jury trial. Although one procedural path to final judgment may have been closed to Gototweski, he availed himself of another procedural path, and this does not provide a ground to determine that the District Court disobeyed this Court's mandate.

Additionally, there is no ground to conclude that the District Court violated the law-of-the-case doctrine. That doctrine stands for the proposition that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). Drippe seems to contend that the District Court's conclusion that Gototweski waived his right to summary judgment on the issue of exhaustion was inconsistent with the District Court's decision to grant judgment following a bifurcated trial on the issue. As discussed above, there is a difference between a waiver of a right to raise an issue via summary judgment and a waiver of the right to raise that issue at all, and it is not inconsistent for a court to conclude that one has been waived while the other has not. Further, there is a difference between a motion for summary judgment and a motion to bifurcate a trial, and it is not inconsistent for a court to grant a bifurcated trial after finding that summary judgment cannot be granted. Drippe also contends that the District Court violated the doctrine by concluding that he would be prejudiced by the untimely filed summary

5

judgment motion, but then proceeding to allow the bifurcated trial to proceed. This, again, is not inconsistent. The type of prejudice that results from a late-filed summary judgment motion is different from the type of prejudice that may potentially result from a bifurcated trial. We see no abuse of discretion in the District Court's decision to allow the bifurcated trial despite the fact that it previously determined that the late-filed summary judgment motion would prejudice Drippe.

Finally, Drippe contends that the District Court acted beyond the bounds of its authority in granting a "sua sponte motion for summary judgment" at the close of the first stage of the bifurcated trial. The District Court did not, however, grant a sua sponte motion for summary judgment, but, instead, can most accurately be described as granting a sua sponte motion for judgment on partial findings, pursuant to Federal Rule of Civil Procedure 52(c). As this Court recently stated, "[a] court may grant a Rule 52(c) motion made by either party or may grant judgment sua sponte at any time during a bench trial, so long as the party against whom judgment is to be rendered has been 'fully heard' with respect to an issue essential to that party's case." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 272 (3d Cir. 2010). The District Court in this case allowed both parties to address fully the issue of exhaustion, concluded that Drippe had not exhausted his claims, and dismissed the case. That it did so without waiting for Gototweski to make a motion does not violate the Federal Rules of Civil Procedure or this Court's precedent.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.