**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 7, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

JAMES RALPH DAWSON, JR.,

    Plaintiff - Appellant,

v.

JEFF ARCHAMBEAU, the CEO of
Colorado Health Partners; RICK
RAEMISCH, Executive Director of
the Colorado Department of
Corrections; SUSAN TIONA, Chief
Medical Officer of the Colorado
Department of Corrections; R.
FRICKEY,

    Defendants - Appellees,

and

C. IRELAND, FCF Health
Providers; T. SICOTTE,

    Defendants.

No. 21-1307
(D.C. No. 1:16-CV-00489-CMA-
NYW)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

---

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. _See_ Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

Mr. James Dawson is a state inmate afflicted with Hepatitis C. Complaining of the treatment for his hepatitis, he sued four individuals (Robert Frickey, Jeff Archambeau, Susan Tiona, and Rick Raemisch) for deliberate indifference to serious medical needs. In the suit, the district court issued two orders. The first one granted summary judgment to Mr. Archambeau, Dr. Tiona, and Mr. Raemisch; the second order granted summary judgment to Mr. Frickey. These grants of summary judgment led Mr. Dawson to appeal.

This appeal creates two issues:

1.     What is the scope of our appellate jurisdiction?

2.     Did Mr. Dawson fail to exhaust available administrative remedies?

On the first question, we conclude that our jurisdiction is confined to the grant of summary judgment to Mr. Frickey. The jurisdictional issue is governed by a rule that changed after Mr. Dawson's filing of his opening brief. Under the rule in effect at that time, appellate jurisdiction was confined to the award of summary judgment for Mr. Frickey because the notice of appeal hadn't designated any other orders or the final judgment. The new rule wouldn't extend appellate jurisdiction because the order granting summary judgment to Mr. Archambeau, Dr. Tiona, and Mr. Raemisch didn't merge into the final judgment.

2

On the second question, we conclude that Mr. Dawson failed to exhaust available administrative remedies. Federal law requires exhaustion of available administrative remedies. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Such remedies were available to Mr. Dawson through the state prison's grievance system. He used this system to file grievances, but they didn't address anything that Mr. Frickey had done or not done. Given the failure to file a grievance about Mr. Frickey's conduct, the district court correctly granted summary judgment to him.

1.    **We lack appellate jurisdiction over the appellate arguments involving defendants Archambeau, Raemisch, and Tiona.**

In civil cases, an appellant must a file notice of appeal within 30 days. Fed. R. App. P. 4(a)(1)(A). The notice of appeal didn't trigger appellate jurisdiction to address the award of summary judgment to defendants Archambeau, Raemisch, or Tiona.

A.    **The Old Version of Rule 3**

The scope of appellate jurisdiction is governed by Federal Rule of Appellate Procedure 3. This rule changed after Mr. Dawson had filed his notice of appeal and opening brief.

When he filed those documents, Rule 3 limited appellate jurisdiction to the orders designated in the notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B) (requiring designation of the order); *Foote v. Spiegal*, 118

F.3d 1416, 1422 (10th Cir. 1997) (limiting our jurisdiction). Under this version of the rule, our jurisdiction would be limited.

Mr. Dawson is trying to challenge two summary-judgment orders. He filed a notice of appeal after the second order, but not after the first order. In this notice of appeal, Mr. Dawson designated the award of summary judgment to Mr. Frickey. Left unmentioned was the prior award of summary judgment to the other defendants. So the old version of Rule 3 wouldn't have triggered appellate jurisdiction as to defendants Archambeau, Raemisch, and Tiona.

Mr. Dawson argues that a docketing statement can supplement the notice of appeal. For the sake of argument, we can assume that Mr. Dawson is right. Even so, he never filed a docketing statement.

When appellants file briefs within the deadline for the notices of appeal, those briefs can supplement the designation of orders being appealed. *Smith v. Barry*, 502 U.S. 244, 248–49 (1992). But Mr. Dawson didn't file any briefs within the deadline for his notice of appeal.

So under the old version of Rule 3, we'd lack jurisdiction over Mr. Dawson's appellate arguments involving defendants Archambeau, Tiona, and Raemisch.

## B.    The New Rule

After Mr. Dawson filed the notice of appeal and his opening brief, a new version of Rule 3 went into effect. Even if we were to apply the new

4

version of Rule 3,[1] we'd still lack jurisdiction over the appellate arguments involving defendants Archambeau, Tiona, and Raemisch.

The newly amended rule clarifies that

- "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order,"

- "a notice of appeal encompasses the final judgment . . . if the notice designates . . . an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties," and

- "[a]n appeal must not be dismissed . . . for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment."

Fed. R. App. P. 3(c)(4), 3(c)(5)(A), 3(c)(7).

Mr. Dawson's notice of appeal stated that he was appealing "the judgment of the United States District Court for the District of Colorado's second grant of summary judgment to Defendant Robert Frickey." R. vol. 5 at 473. This notice of appeal did not designate "an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties." Fed. Rul. R. App. P. 3(c)(5)(A). So even under the new version of Rule 3, the notice of appeal wouldn't have encompassed the final judgment. *See* R. vol. 5 at 470–71.

---

[1]    We'd apply the new rule if its application would be just and practicable. Order (Roberts, C.J.) (Apr. 14, 2021).

Nor is there any basis to find a merger of the first summary-judgment award into the order granting summary judgment to Mr. Frickey. The case terminated in district court when Mr. Dawson filed a stipulation of dismissal with prejudice. This stipulation terminated the claims against all remaining parties. R. vol. 5 at 470.[2] This stipulation was self-executing; no court order was needed. Fed. R. Civ. P. 41(a)(1)(A)(ii). So the award of summary judgment to Mr. Frickey didn't merge into a later judgment or appealable order.

\* \* \*

Under either the old or new version of Rule 3, appellate jurisdiction wouldn't exist over the award of summary judgment to defendants Archambeau, Raemisch, or Tiona.

## 2. Mr. Dawson failed to exhaust administrative remedies as to Mr. Frickey's conduct.

For the ruling as to Mr. Frickey, however, we do have jurisdiction. On the merits, the parties disagree on exhaustion of available administrative remedies, so we must decide

- whether Mr. Frickey waived his exhaustion argument by omitting it in his first summary-judgment motion and

- whether Mr. Dawson exhausted available administrative remedies.

---

[2]    The clerk later made an entry on the docket, recognizing closure of the case under this stipulation. But this notation did not constitute an entry of judgment or appealable order.

6

**A.    Mr. Frickey did not waive his exhaustion argument for summary judgment.**

Mr. Frickey had earlier moved for summary judgment but didn't argue nonexhaustion. The district court granted the motion, but we reversed and remanded the case. On remand, Mr. Frickey moved again for summary judgment. This time, he argued nonexhaustion as a ground for summary judgment. Mr. Dawson contends that Mr. Frickey waived his nonexhaustion argument by failing to include it in his first motion for summary judgment.

We reject this contention. In answering the complaint, Mr. Frickey raised nonexhaustion as a defense. He didn't waive the defense by failing to include it in his first summary-judgment motion. *See Villante v. VanDyke*, 93 F. App'x 307, 308–09 (2d Cir. 2004) (unpublished) (concluding that the defendants hadn't waived their exhaustion defense by omitting it in their first motion for summary judgment); *Drippe v. Gototweski*, 434 F. App'x 79, 81 (3d Cir. 2011) (unpublished) (concluding that the defendant did not waive his exhaustion defense "by failing to raise it in a timely motion for summary judgment"); *see also Gray v. Sorrels*, 818 F. App'x 787, 791 (10th Cir. 2020) (unpublished) (concluding that the

7

defendants didn't waive exhaustion by omitting it in their motion to dismiss).[3]

Mr. Dawson argues that our reversal of the first summary judgment order barred subsequent consideration of exhaustion. For this argument, he relies on the law-of-the-case doctrine. This doctrine provides that when we decide an issue, that decision governs in a later appeal. *Capps v. Sullivan*, 13 F.3d 350, 353 (10th Cir. 1993). But we didn't address exhaustion in the earlier appeal, either expressly or implicitly, so the law-of-the-case doctrine doesn't apply. *See Anthony v. Baker*, 955 F.3d 1395, 1397 n.1 (10th Cir. 1992) ("The law of the case doctrine 'encompasses a court's explicit decisions, as well as those decided by necessary implication.'" (quoting *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243 (D.C. Cir. 1987))), *abrogated in part on other grounds*, *Handy v. City of Sheridan*, 636 F. App'x 728, 742 (10th Cir. 2016) (unpublished).

### B.    Mr. Dawson failed to exhaust available administrative remedies.

On the merits, Mr. Dawson denies the availability of an administrative remedy for past harm. Granted, exhaustion was necessary only if Mr. Dawson had an available administrative remedy. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). But the administrative process did

---

[3]    These unpublished opinions are persuasive but not precedential. *See* 10th Cir. R. 32.1(A); *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

supply Mr. Dawson with potential remedies. For example, prison authorities could have granted prospective relief, like ordering prompt medical attention. Because remedies were available to Mr. Dawson, he had to exhaust the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("[A] prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process."); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.")

The remaining question is whether Mr. Dawson exhausted the administrative process for his claims against Mr. Frickey. Mr. Dawson did file three grievances. To determine whether these grievances sufficed, we consider whether they had supplied prison officials with enough information to address the substance of Mr. Dawson's eventual court action against Mr. Frickey. *See Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *as explained in Robbins v. Okla.*, 519 F.3d 1242, 1246–47 (10th Cir. 2008).

Mr. Dawson denies any obligation to name each defendant in his grievances. We can assume that he's right. But prison authorities still needed at least *some* information about what Mr. Frickey had allegedly

9

done wrong. *See* CDOC Admin. Reg. 850-04(IV)(C) ("A grievance is a written complaint by an offender filed on their own behalf regarding a policy, condition, or an incident pertaining to the offender's confinement."); *see also Kikumura*, 461 F.3d at 1285 (discussing the necessary content of a grievance).

In the complaint, Mr. Dawson alleged that Mr. Frickey had disregarded pain complaints at a medical appointment. But the first grievance had preceded the appointment with Mr. Frickey. So that grievance couldn't alert anyone to Mr. Dawson's dissatisfaction with Mr. Frickey's conduct. In the second grievance, Mr. Dawson had complained about the failure to include his blood tests in his medical records. But this grievance didn't bear on Mr. Dawson's allegations about Mr. Frickey. In the third grievance, Mr. Dawson had complained of his inability to get a new treatment being given to other inmates. Again, the grievance hadn't mentioned anything that Mr. Frickey did or didn't do.

Considered separately or together, the three grievances didn't alert authorities to any dissatisfaction with Mr. Frickey's conduct. So Mr. Frickey was entitled to summary judgment on his exhaustion defense.

\* \* \*

We lack jurisdiction to address the award of summary judgment to defendants Archambeau, Raemisch, and Tiona. But we do have jurisdiction to consider the award of summary judgment to Mr. Frickey. In our view,

10

the district court didn't err in granting summary judgment to Mr. Frickey. He couldn't incur liability because Mr. Dawson hadn't exhausted available administrative remedies.

Entered for the Court

Robert E. Bacharach
Circuit Judge